**BENITO CONCEPCION, Appellant**

v.

**MENELIO CRUZ SOTO and VIRGIN ISLANDS WATER AND POWER AUTHORITY**

No. 75-1155

United States Court of Appeals

Third Circuit

Argued April 22, 1975

Filed July 7, 1975

---

LEROY A. MERCER, ESQ., Christiansted, St. Croix, V.I., *for appellant*

EMORY W. REISINGER, ESQ., Assistant Attorney General, St. Thomas, V.I., *for appellee*

Before HASTIE, GIBBONS and HUNTER, *Circuit Judges*

OPINION OF THE COURT

HASTIE, *Circuit Judge*

This is an appeal from a judgment that denied the petition of a judgment creditor for an order "commanding the . . . [Virgin Islands Water and Power Authority] to make payment of" a $20,000 money judgment, plus costs

and an attorney's fee, entered against the Authority in a tort action for personal injury and property damage. Failure of the Authority to respond to the original complaint had resulted in imposition of liability by default. Thereafter, damages had been determined by a jury.

▉ The Virgin Islands Water and Power Authority is an incorporated instrumentality of the Government of the Virgin Islands. In the Act of August 13, 1964, No. 1248, Sess. L. 1964, 30 V.I.C. (1974 Supp.) § 103, the Legislature of the Virgin Islands created this corporate instrumentality, defined its functions and powers, authorized it to issue bonds and created and limited its amenability to judicial process. While the enumerated powers of the Authority included the capacity "to sue and be sued", 30 V.I.C. § 105(4), its amenability to judicial process was restricted by the following provision:

"All property including funds of the Authority shall be exempt from levy and sale by virtue of an execution, and no execution or other judicial process shall issue against the same nor shall any judgment against the Authority be a charge or lien upon its property; Provided, however, That this subsection shall not apply to or limit the right of bondholders to pursue any remedies for the enforcement of any pledge or lien given by the Authority on its rates, fees, revenues, or other income of any other funds." 30 V.I.C. (1974 Supp.) § 111(a).

We think that the relief sought here, a judicial order that would compel the Authority to surrender its assets in payment of a money judgment for tortious personal injury, is within the meaning of the quoted prohibitory language, since the order sought would be "judicial process" designed to reach the property of the Authority.

This does not make the right to sue the Authority or the obtaining of judgment against it meaningless. As a

responsible agency the Authority can, and apparently does,[1] carry liability insurance.

■ Separately, the appellant contends that the quoted provision of Section 111(a) was in effect repealed by a subsequent comprehensive waiver of governmental immunity from tort liability that was enacted in the 1971 Virgin Islands Tort Claims Act. 33 V.I.C. ( 1974 Supp.) § 3408.

Whether this is a tenable argument depends upon the following provision of the Authority creating 1964 statute:

"Insofar as the provisions of this chapter are inconsistent with the provisions of any other Act of the Legislature of the Virgin Islands, the provisions of this chapter shall be controlling and no law heretofore or hereafter passed governing the administration of the Government of the Virgin Islands or any parts, office, bureaus, departments, commissions, municipalities, branches, agents, officers, or employees thereof shall be construed to apply to the Authority unless so specifically provided . . . ." 30 V.I.C. (1974 Supp.) § 122.

The Tort Claims Act does not expressly overrule the particular exemption from judicial process granted in Section 111(a) of Title 30 and now relied upon by the Authority. Indeed, the Tort Claims Act makes no mention whatever of the Authority. But Section 122 of Title 30, in terms and in legal effect, has precluded repeal of Section 111(a) by implication. Therefore, the Tort Claims Act cannot properly be read as having that effect.[2]

The judgment will be affirmed.

---

[1] The briefs indicate that the Authority carries liability insurance but that the insurer has refused to entertain a claim in this case unless the default shall be set aside and opportunity provided to defend the action on its merits.

[2] While we hold that the general waiver of governmental immunity in 33 V.I.C. § 3408 does not affect the special statutory provisions concerning the Water and Power Authority, we also observe that, even if the Tort Claims Act were applicable here, the plaintiff would be confronted with a statutory exclusion of default judgments from the benefits of the Tort Claims Act. 33 V.I.C. (1974 Supp.) § 3411. The time and method of asserting such a claim also are restrictively prescribed. 33 V.I.C. (1974 Supp.) § 3409.