**CYNTHIA L. LINDWAY, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 80/10

District Court of the Virgin Islands

Div. of St. Croix

July 2, 1982

JOEL H. HOLT, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

DONALD M. BOUTON, ESQ., Attorney General, By: JOANN WEBB ANDERSON, Assistant Attorney General (Department of Law), Christiansted, St. Croix, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

The plaintiff in this case obtained a judgment against the Government of the Virgin Islands (the "Government") in the amount of $25,000.00, arising out of injuries received in an automobile accident on a defectively-maintained highway. Having achieved that result, however, the plaintiff is now faced with the dilemma, which confronts so many others seeking to enforce money judgments against the Government, of the notoriously slow pace of payment. The judgment was entered on October 6, 1981, but not a farthing has been paid.

Plaintiff returned to this Court to seek sanctions against the Government for its failure to pay the judgment. Oral argument was heard and memoranda were submitted. While we sympathize with the plaintiff and others who face the same predicament, we are unable, as a matter of law, to assist in the enforcement of this tort judgment.

## DISCUSSION

Plaintiff's motion for the entry of an order to show cause is deemed a proceeding in mandamus.[1] Plaintiff is basically requesting that this Court compel the Government to pay the $25,000 judgment. Virgin Islands law on proceedings in mandamus provides:

---

[1] Writs of mandamus have been abolished under the Federal Rules of Civil Procedure. However, the same relief can be requested but only through accepted motions and proceedings. Fed. R. Civ. P. 81(b) (1980).

This could also be interpreted as a petition for execution on the judgment. Plaintiffs supplemental memorandum is entitled "Supplemental Memorandum in Support of Motion to Execute Against Defendant." See Fed. R. Civ. P. 69 (1980), 5 V.I.C. § 471 et seq. (1967 & Supp. 1981). But the government is exempt from any execution on its property. 5 V.I.C. § 479(a)(4) (1967).

> In an appropriate action, or upon an appropriate motion in an action, under the practice prescribed in the Federal Rules of Civil Procedure and in this title, *the district court may issue a mandatory order to any inferior court, corporation, board, officer, or person, to compel performance of an act which the law specially enjoins as a duty resulting from an office, trust or station.* Although such order may require the court, corporation, board, officer, or person to exercise its or his judgment, or proceed to the discharge of any of its or his functions, the order shall not control judicial discretion. The order shall not be issued in any case where there is a plain, speedy, and adequate remedy in the ordinary course of the law.

5 V.I.C. § 1361(a) (1967) (emphasis added).

This section, however, makes no mention of the ability of this Court to compel a government to perform an act which the law deems as a duty. Even if one argues that governmental officers actually perform the activities of the government and therefore a proceeding against the government is in essence a proceeding against its officers this Court is inclined not to issue a mandatory order. The language used in section 1361 is permissive: "the district court may issue a mandatory order." Moreover, we think that the Third Circuit opinion of Concepcion v. Cruz Soto, 519 F.2d 405 (3rd Cir. 1975) is controlling.

In Concepcion, the plaintiff was trying to enforce a tort judgment it obtained against the Virgin Islands Water and Power Authority (the "Authority"). The Authority, an incorporated instrumentality of the Government, permitted suits against it but prohibited any "execution or other judicial process" on the property owned by the Authority, including funds. 519 F.2d at 406 quoting 30 V.I.C. § 111(a) (1974). The Court, speaking through Judge Hastie, stated:

> We think the relief sought here, a judicial order that would compel the Authority to surrender its assets in payment of a money judgment for tortious personal injury, is within the meaning of the quoted prohibitory language, since the order sought would be "judicial process" designed to reach the property of the Authority.

519 F.2d at 406.

██ ██ The Authority is an incorporated instrumentality of the Government. It would be inconsistent to permit enforcement of a judgment against the Government when enforcement cannot be made against its instrumentality, unless specifically stated by stat-

ute. Further, the Torts Claim Act, which permitted plaintiff the right to sue the Government in tort in the first place, has no provision permitting enforcement of those judgments.[2] It would be beyond this Court's jurisdiction to abrogate the Government's immunity further by permitting the Court to compel payment on a judgment when there is no statutory or case law permission. The plaintiff, therefore, has to wait until either the Government pays its judgment or the law is changed permitting the enforcement of tort judgments against the Government. The relief requested by plaintiff is, therefore, denied.

## ORDER

THIS MATTER is before the Court on plaintiff's motion for the entry of an order to show cause. Having considered the memoranda submitted by counsel and oral argument presented, the premises considered, it is hereby

ORDERED:

THAT the motion is DENIED.

---

[2] 33 V.I.C. § 3401 et seq. (1967 & Supp. 1981).