**Ronald BROW, Appellant,**

v.

**Alexander FARRELLY, Governor; United States Virgin Islands Police Department and its Commissioner Milton Frett; Rudolph Krigger, Commissioner of Finance, Territorial Court Judge George Eltman, Nominal Respondent in D.C.**

**Ronald BROW, Appellant,**

v.

**Alexander FARRELLY, Governor; United States Virgin Islands Police Department and its Commissioner Milton Frett; Rudolph Krigger, Commissioner of Finance.**

No. 92–7370.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Dec. 8, 1992.

Decided May 13, 1993.

As Amended May 26, 1993.

---

Ronald A. Brow, pro se.

Before: BECKER, COWEN and ROTH, Circuit Judges

## OPINION OF THE COURT

BECKER, Circuit Judge.

This appeal arises from an employment dispute between *pro se* plaintiff/appellant Ronald A. Brow and the Virgin Islands Police Department. Brow ultimately obtained a favorable judgment from the Territorial Court of the Virgin Islands for reinstatement to his position with back pay. In an attempt to enforce this judgment, Brow filed a petition for writ of mandamus in the District Court of the Virgin Islands. Brow also filed a petition for temporary restraining order in the District Court seeking to prevent the Police Department and the Virgin Islands government from withholding his wages and benefits without due process of law.

The District Court dismissed both of Brow's petitions for lack of subject matter jurisdiction. Relying upon 4 V.I.Code § 32 to establish the jurisdictional boundaries of the two Virgin Islands courts, the District Court held that the Virgin Islands legislature's recent amendment to 4 V.I.Code § 76 vested the Territorial Court with exclusive jurisdiction over all civil actions, in the absence of sole jurisdiction in the District Court. The court therefore concluded that, because it lacked complete jurisdiction over

the areas of mandamus and injunctive relief, it lacked subject matter jurisdiction over Brow's actions.

We conclude that the District Court erred in its reliance on 4 V.I.Code § 32(a) (Supp. 1991) and incorrectly interpreted the effect of 4 V.I.Code § 76(a) (Supp.1991) on the jurisdictional scheme of the Virgin Islands courts. However, we nevertheless will affirm the District Court's dismissal of Brow's petitions on other grounds. More precisely, we believe that Brow's "mandamus" petition should have been construed as an action for enforcement of the order of the Territorial Court, over which jurisdiction lay only in the Territorial Court. Additionally, the petition for injunctive relief, liberally construed, was brought under 42 U.S.C. § 1983, and hence was properly dismissed because neither the Territory of the Virgin Islands nor its officials acting in their official capacities are considered persons under section 1983.

The District Court also entered an order, *sua sponte,* restraining Brow from filing any subsequent lawsuits against the Virgin Islands government or its officers in their official capacities. The order further enjoined Brow from ever filing another document in the District Court of the Virgin Islands without the District Court's approval. The District Court offered no justification for this broad order, and failed to provide Brow with notice and an opportunity to be heard before entering the injunction. We conclude that this order constitutes an abuse of discretion, and it will be vacated.

## I. *FACTS AND PROCEDURAL HISTORY*

Brow commenced this action by seeking a writ of review[1] in the Territorial Court to challenge the decision of the Government Employees Service Commission upholding his suspension without pay from the Police Department. The Territorial Court reversed and ordered Brow's reinstatement with full pay retroactive to April 1, 1986, the date of the suspension. *Brow v. Farrelly,* No. 1986–0744 (Terr.Ct.V.I. Dec. 22, 1989). The defen-

dants appealed the Territorial Court's order to the District Court Appellate Division, which dismissed the case pursuant to Fed. R.App.P. 3(a) for failure to timely prosecute. *Brow v. Farrelly,* No. 1990–0054 (D.V.I. June 27, 1990).

Brow subsequently resumed his position as an Internal Affairs Agent with the Virgin Islands Police Department, but his wages and benefits were not retroactively restored. In an attempt to compel compliance with the Territorial Court's order, Brow filed a petition for writ of mandamus in the District Court (Civil Action No. 1992–0040) pursuant to 5 V.I.Code § 1361, naming as respondents Alexander Farrelly, Governor of the United States Virgin Islands; the Virgin Islands Police Department; Milton Frett, Commissioner of the Virgin Islands Police Department; and Rudolph Krigger, Commissioner of Finance ("Respondents") (The Honorable George Eltman, Nominal Respondent). Brow alleged that Respondents had failed to provide him with his wages and property for over a year, in contravention of the Territorial Court's order. One month later, Brow also filed in the District Court a petition for temporary restraining order against Respondents (Civil Action No. 1992–0049), seeking to enjoin them from further depriving him of his wages and benefits without due process of law. While Brow's recitation of the facts in this motion is somewhat opaque, it appears that the gravamen of this challenge was the failure to restore his medical and annual leave benefits retroactively.

In support of the motion for injunctive relief, Brow represented that in December, 1990, he had met with Commissioner Frett regarding implementation of the Territorial Court order. According to Brow, Frett agreed to restore Brow's annual and medical leave no later than January, 1991. Apparently, Brow continued to make repeated inquiries regarding implementation of the order, and he advised Frett that his benefits were required for surgery he was to undergo in September, 1991. Next, Brow stated, he met with a police department supervisor who

---

**1.** "Any party to any proceeding before or by any officer, board, commission, authority, or tribunal may have the decision or determination thereof reviewed for errors therein as prescribed in this chapter and rules of court." 5 V.I.Code § 1421 (1967).

assured him that his benefits were restored retroactively. Brow thereafter utilized the annual and medical leave necessary for his operation and was compensated for this leave, as allegedly agreed to by Commissioner Frett. Brow maintained, however, that the Respondents continued to withhold his wages, medical leave and annual leave without due process of law, thereby harassing him and causing him irreparable harm.

Respondents filed a motion to consolidate the petitions for mandamus and for temporary injunctive relief, which the District Court granted. Additionally, Respondents moved to dismiss and for summary judgment in both actions. In support of their motion, Respondents argued that, in light of the doctrine of sovereign immunity in the Revised Organic Act, 48 U.S.C. § 1541(b) (1987), there is no authority requiring the Virgin Islands government to disburse funds from the public treasury to satisfy judgments such as Brow's without prior legislative consent.

On June 19, 1992, the District Court entered an order dismissing Brow's actions with prejudice. The court first noted that 5 V.I.Code § 1361 permits the District Court of the Virgin Islands to issue mandamus where appropriate, although the language of the section is permissive and does not require the issuance of mandamus in all cases. Next, the court looked to 4 V.I.Code § 32 to define the jurisdiction of the District Court vis-a-vis the Territorial Court. The court then held that it lacked subject matter jurisdiction over the actions for mandamus and temporary injunctive relief because the 1990 amendment to Title 4, section 76 of the Virgin Islands Code, effective October 1, 1991, had vested "exclusive jurisdiction over all civil matters" in the Territorial Court. *Brow v. Farrelly*, Nos. 1992–0040, 1992–0049 (D.V.I. June 19, 1992). The District Court further posited that, as a result of section 76, the jurisdiction of the District Court in civil matters was limited to those areas where its jurisdiction is exclusive.

> Thus since the territorial court has original jurisdiction over all civil cases, in the absence of exclusive jurisdiction in the district court, the territorial court has jurisdiction over the civil matters [for manda-mus and injunctive relief which were before the district court].

*Id.* In other words, the District Court determined that section 76 had effectively stripped the District Court of the Virgin Islands of its concurrent jurisdiction with the Territorial Court in all civil matters.

Acting *sua sponte*, the District Court also entered an order that restrained Brow from filing in the District Court any subsequent legal actions involving the Virgin Islands government, its departments, or its employees in their official capacities. The order further prohibited the Clerk of the District Court from filing "any future pleadings, motions or other papers or documents from or on behalf of Ronald A. Brow, *unless* the same are accompanied by an application for leave of Court to file such new pleadings, motion or other papers or documents." *Id.* (emphasis in original). The District Court required Brow to certify that the matters he wishes to raise are new and never before considered by a federal court or the Territorial Court in his application.

Brow thereupon filed the instant appeal. He contends that the District Court of the Virgin Islands is the proper court of competent jurisdiction to hear a mandamus action which seeks to enforce a judgment of the Territorial Court, because 5 V.I.Code § 1361(a) permits the District Court to issue a mandatory order to any inferior court, such as the Territorial Court. Concomitantly, he contends that the District Court was incorrect in concluding that 4 V.I.Code § 76(a) bestows the Territorial Court with exclusive jurisdiction over all civil actions, because the word "exclusive" is absent from the statute. Brow also maintains that the jurisdiction of the District Court empowers it to hear petitions for injunctive relief which seek to remedy violations of constitutional rights. Therefore, Brow submits, the District Court had jurisdiction to decide the actions before it. Finally, he asserts that the court abused its discretion in enjoining him from filing subsequent actions in the District Court. Respondents did not file a brief on this appeal, apparently choosing to rest their case on the rationale of the District Court.

■ We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Brow's petitions for lack of subject matter jurisdiction, including the District Court's prediction, interpretation and application of Virgin Islands law. *Government of V.I. v. Smith,* 949 F.2d 677, 680 (3d Cir.1991). Our review of the District Court's order enjoining Brow from filing any further documents without leave of court is for abuse of discretion. *Abdul–Akbar v. Watson,* 901 F.2d 329, 331 (3d Cir.), *cert. denied,* 498 U.S. 806, 111 S.Ct. 237, 112 L.Ed.2d 196 (1990).

## II. *JURISDICTION*

To resolve the jurisdictional issue before us, we must begin with Article IV, Section 3 of the United States Constitution, which empowers Congress to establish all necessary rules and regulations concerning the unincorporated territory of the Virgin Islands, including the power to designate the jurisdiction of the District Court and the Territorial Court. *See Territorial Ct. of V.I. v. Richards,* 673 F.Supp. 152, 157 (D.V.I.1987), *aff'd,* 847 F.2d 108 (3d Cir.), *cert. denied,* 488 U.S. 955, 109 S.Ct. 390, 102 L.Ed.2d 380 (1988). Congress exercised this power by enacting the Revised Organic Act of the Virgin Islands, 48 U.S.C. §§ 1541 *et seq.* (1987).

■ The Revised Organic Act was intended to operate as a "new basic charter of government for the territory." *Virgo Corp. v. Paiewonsky,* 384 F.2d 569, 576 (3d Cir. 1967), *cert. denied,* 390 U.S. 1041, 88 S.Ct. 1633, 20 L.Ed.2d 303 (1968). The Organic Act is the Virgin Islands' equivalent of a constitution, *Estate of Thomas Mall, Inc. v. Territorial Ct. of V.I.,* 923 F.2d 258, 262 n. 4 (3d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 50, 116 L.Ed.2d 28 (1991); *Mapp v. Lawaetz,* 882 F.2d 49, 51 (3d Cir.1989), and as such, it is the body of law that defines the jurisdictional boundaries of the Virgin Islands courts. While the Virgin Islands Code

also appears to define jurisdictional limits of the Virgin Islands courts, it is axiomatic that whatever power the Virgin Islands legislature possesses to vest jurisdiction in the Territorial Court and divest jurisdiction from the District Court must derive from the Revised Organic Act.

### A. *Civil Jurisdiction of the Virgin Islands Courts*

Congress enacted the first Revised Organic Act of the Virgin Islands in 1936. Act of June 22, 1936, ch. 699, 49 Stat. 1807 (repealed 1954). Because this Act was not comprehensive, Congress enacted the Revised Organic Act of 1954 [*hereinafter* Revised Organic Act], Act of July 22, 1954, ch. 558, 68 Stat. 497 (codified as amended at 48 U.S.C. §§ 1541 *et seq.* (1987)), which operated to repeal the 1936 Act. *See Virgo Corp.,* 384 F.2d at 576–78.

■ The fundamental enabling provision for the jurisdiction of the District Court of the Virgin Islands was located in section 1612 of the Revised Organic Act. Section 1612 vested the District Court of the Virgin Islands with the jurisdiction of a District Court of the United States, in all causes arising under the Constitution, treaties and laws of the United States, regardless of the sum or value of the matter in controversy, and general original jurisdiction over all other matters in the Virgin Islands, subject to the exclusive jurisdiction of the local courts of the Virgin Islands over civil actions wherein the amount in controversy is less than $500.[2] Act of July 22, 1954, ch. 558, §§ 22–23, 68 Stat. 506 (amended 1978, 1984). Section 1612 also defined the appellate role of the District Court of the Virgin Islands and contained a transfer provision through which the District Court could transfer an action from the Territorial Court to itself, if in the interests of justice to do so. Act of July 22, 1954, ch. 558, § 22, 68 Stat. 506 (amended 1978, 1984).[3]

---

**2.** The Revised Organic Act also provided that the local courts shared concurrent jurisdiction with the District Court over actions which may be conferred upon it by local law. Act of July 22, 1954, ch. 558, § 23, 68 Stat. 506 (amended 1978, 1984). This grant, however, did not include diversity jurisdiction. *See Carty v. Beech Aircraft Corp.,* 679 F.2d 1051, 1057 (3d Cir.1982).

**3.** In 1978, Congress amended section 1612 to reflect that the District Court of the Virgin Islands additionally possessed the jurisdiction of a

In 1984, Congress rewrote Section 1612, designating the existing provision subsection (a) and adding subsections (b) and (c), thereby modifying the jurisdiction of the District Court. Act of October 5, 1984, Pub.L. 98–454, Title VII, § 703(a), Title X, § 1001, 98 Stat. 1738, 1745 (codified at 48 U.S.C. § 1612(a)–(c) (1987)). Subsection (a) of section 1612 establishes the basic jurisdictional foundation of the District Court. It reads:

> The District Court of the Virgin Islands shall have the jurisdiction of a District Court of the United States, including, but not limited to, the diversity jurisdiction provided for in section 1332 of Title 28, and that of a bankruptcy court of the United States. The District Court of the Virgin Islands shall have exclusive jurisdiction over all criminal and civil proceedings in the Virgin Islands with respect to the income tax laws applicable to the Virgin Islands, regardless of the degree of the offense or of the amount involved, except the ancillary laws relating to the income tax enacted by the legislature of the Virgin Islands. Any act or failure to act with respect to the income tax laws applicable to the Virgin Islands which would constitute a criminal offense described in chapter 75 of subtitle F of Title 26 shall constitute an offense against the government of the Virgin Islands and may be prosecuted in the name of the government of the Virgin Islands by the appropriate officers thereof in the District Court of the Virgin Islands without the request or the consent of the United States attorney for the Virgin Islands, notwithstanding the provisions of 1617 of this title.

48 U.S.C. § 1612(a) (1987).

Subsection (b) provides in relevant part:

> In addition to the jurisdiction described in subsection (a) of this section [essentially federal question and diversity jurisdiction,] the District Court of the Virgin Islands shall have general original jurisdiction in all causes in the Virgin Islands the jurisdiction over which is not then vested by local law in the local courts of the Virgin Islands: *Provided,* That the jurisdiction of the District Court of the Virgin Islands under this subsection shall not extend to civil actions wherein the matter in controversy does not exceed the sum or value of $500, exclusive of interests and costs....

48 U.S.C. § 1612(b) (1987) (emphasis in original).[4]

Congress' addition of subsection (b) to section 1612 of the Revised Organic Act further modified the jurisdictional scope of the Virgin Islands courts, but the extent to which the amendment affected the *status quo* was unclear from face of the statute. In January of 1991, however, this court decided *Estate of Thomas Mall, Inc. v. Territorial Ct. of V.I.,* 923 F.2d 258 (3d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 50, 116 L.Ed.2d 28 (1991), which interpreted the effect of the 1984 amendments to section 1612 on the jurisdiction of the Virgin Islands courts.

The first issue before us in *Estate of Thomas Mall, Inc.,* was the extent to which the District Court's concurrent jurisdiction could be divested by operation of section 1612(b) of the Revised Organic Act. We analyzed section 1612(b) in conjunction with section 1611(b) of the Revised Organic Act, which Congress also amended in 1984. Section 1611(b) reads in relevant part:

> The legislature of the Virgin Islands may vest in the courts of the Virgin Islands established by local law jurisdiction over all causes in the Virgin Islands over which any court established by the Constitution and the laws of the United States does not have exclusive jurisdiction. Such jurisdiction shall be subject to the concurrent jurisdiction conferred on the District Court of the Virgin Islands by section 1612(a) [federal question and diversity jurisdiction] and (c) [criminal jurisdiction] of this title.

48 U.S.C. § 1611(b) (1987).

We interpreted section 1611(b) as empowering the Virgin Islands legislature to create in the local courts concurrent jurisdiction with the District Court over both federal

---

bankruptcy court. Act of Nov. 6, 1978, Pub.L. 95–598, § 336(a), 92 Stat. 2680 (amended 1984).

**4.** Subsection (c) provides for the District Court's criminal jurisdiction. 48 U.S.C. § 1612(c) (1987). This section, however, is not germane to the present case.

questions and certain criminal actions. We concluded that its ultimate intention was to divest the District Court of jurisdiction over local causes of action:

> [In other words,] concurrent jurisdiction may exist with respect to federal question jurisdiction, [diversity jurisdiction] and certain criminal actions, but not over local actions which are described in section 1612(b).

*Estate of Thomas Mall, Inc.*, 923 F.2d at 262. We also concluded, however, that the exercise of the power conferred by section 1611(b) did not itself divest the District Court of jurisdiction in these areas by the application of section 1612(b). More specifically, addressing the question on whether section 1612(b) is self-executing, or whether the section requires legislation to effect its purpose, we held that section 1612(b) does not *ex proprio vigore*[5] divest the District Court of jurisdiction over local actions. By examining the language "not then vested by local law in the local courts," we concluded that "[s]uch divestment will not occur until the Virgin Islands legislature enacts a law which effects the power created by the 1984 amendments," *Estate of Thomas Mall, Inc.*, 923 F.2d at 264, i.e., until the legislature vested jurisdiction of local actions in the local courts.

The Virgin Islands legislature took such action on September 5, 1990, when it enacted Local Law No. 5594 as an amendment to 4 V.I.Code § 76(a). Section 76(a) reads in pertinent part:

> Subject to the original jurisdiction conferred on the District Court by section [1612] of the Revised Organic Act of 1954, as amended, effective October 1, 1991, the Territorial Court shall have original jurisdiction in all civil actions regardless of the amount in controversy. . . .

4 V.I.Code § 76(a) (Supp.1991). In accordance with our holding in *Estate of Thomas Mall, Inc.*, this section divests the District Court of the Virgin Islands of jurisdiction over all local civil actions, but does not divest the District Court of its federal question and diversity jurisdiction in civil actions, as evidenced by the provisional language at the beginning of the statute. Therefore, the Territorial Court's original jurisdiction over all local civil actions is subject to the District Court's concurrent federal question and diversity jurisdiction in section 1612(a) of the Revised Organic Act.

In summary, the present state of the jurisdiction of the Virgin Islands courts in civil matters is as follows:

(1) The District Court of the Virgin Islands has exclusive jurisdiction over all civil proceedings in the Virgin Islands regarding the income tax laws applicable to the Virgin Islands, and all other civil proceedings over which a United States District Court has exclusive jurisdiction, as ordained by Congress, 48 U.S.C. § 1612(a) (1987), *see, e.g.*, 28 U.S.C. § 1333 (1966) (admiralty, maritime and prize cases); 28 U.S.C. § 1334 (Supp. 1992) (cases under Title 11—bankruptcy); 28 U.S.C. § 1338 (1976 & Supp.1992) (patent, copyright and trade-mark cases).

(2) The District Court of the Virgin Islands has the original federal question and diversity jurisdiction conferred upon it by section 1612(a) of the Revised Organic Act, 48 U.S.C. § 1612(a) (1987), and shares this jurisdiction concurrently with the Territorial Court of the Virgin Islands, 48 U.S.C. §§ 1611(b), 1612(b) (1987); and

(3) The Territorial Court of the Virgin Islands has original jurisdiction over all local civil actions regardless of the amount in controversy, 4 V.I.Code § 76(a) (Supp.1991), and exclusive jurisdiction as enumerated in section 1612(b) of the Revised Organic Act, 48 U.S.C. § 1612(b) (1987) (civil actions wherein the amount in controversy does not exceed $500).

### B. *Application of the Appropriate Jurisdictional Standard to Brow's Petitions*

#### 1. *Mandamus*

■ To the extent that Brow brings a "mandamus" action, we agree that the District Court was correct in dismissing his petition for lack of subject matter jurisdiction,

---

5. *"Ex proprio vigore"* means "by its own force." Black's Law Dictionary 522 (5th ed. 1979).

but we disagree with the District Court's rationale on two principal grounds. First, the District Court partially relied on 4 V.I.Code § 32(a) to define the jurisdiction of the Virgin Islands District Court. This reliance was incorrect because, under the present state of the civil jurisdiction of the Virgin Islands courts, as set forth by this court in section II.A. *supra*, the current form of 4 V.I.Code § 32(a) is inconsistent with the 1984 amendments to section 1612 of the Revised Organic Act.[6]

Title 4, section 32, subsection (a) of the Virgin Islands Code provides:

> Under section [1612] of the Revised Organic Act, approved July 22, 1954, the district court has the original jurisdiction of a district court of the United States in all causes arising under the Constitution, treaties and laws of the United States, regardless of the sum or value of the matter in controversy, *and has general original jurisdiction in all other causes in the Virgin Islands, where exclusive jurisdiction is not conferred upon the territorial court, as the inferior court of the Territory, by section [1613] of the Revised Organic Act. When it is in the interest of justice to do so the district court may on the* motion *of any party transfer to the district court any action or proceeding brought in the territorial court, and the district court shall have jurisdiction to hear and determine such action or proceeding.*

4 V.I.Code § 32(a) (Supp.1991) (emphasis added). The emphasized portion of section 32(a) is inconsistent with the Revised Organic Act because it confers power upon the District Court to transfer and to hear *any* action, even in instances when the District Court does not have the jurisdiction to hear it initially. For example, according to 4 V.I.Code § 32(a), the District Court *may*, in the interests of justice, agree to accept a civil case transferred from the Territorial Court whose amount in controversy is less than $500. Once transferred, the *District Court shall have jurisdiction* to hear the case, even though the Revised Organic Act specifically vests the *Territorial Court* with *exclusive jurisdiction* over such actions pursuant to 48 U.S.C. § 1612(b) (1987). This award of jurisdiction to the District Court is therefore contrary to sections 1574 and 1612 of the Revised Organic Act, and Article IV, Section Three of the United States Constitution. 48 U.S.C. §§ 1574(a)–(c), 1612(b) (1987).[7]

---

6. As we stated at the outset, Article IV, Section 3 of the United States Constitution authorized Congress to enact the Revised Organic Act of the Virgin Islands, which operates as the basic charter of government for the territory. In the Revised Organic Act, Congress established complete provisions for the legislative, executive and judicial branches of the government, and defined the limitations of their powers and obligations. *Virgo Corp.*, 384 F.2d at 576; *see, e.g.*, 48 U.S.C. § 1574(a) (1987) (the Virgin Islands legislature may not enact laws that are inconsistent with the Revised Organic Act or the laws of the United States applicable to the Virgin Islands); 48 U.S.C. § 1574(c) (1987) (the Virgin Islands legislature may not amend or repeal local laws so as to be inconsistent with the Revised Organic Act or the laws of the United States applicable to the Virgin Islands). It is axiomatic, therefore, that the Virgin Islands legislature may not enact laws beyond the limits of the authority Congress vested in it. *See Norman's on the Waterfront, Inc. v. Wheatley*, 317 F.Supp. 247, 250 (D.V.I.1970), *aff'd*, 444 F.2d 1011 (3d Cir.1971) (every enactment of the Virgin Islands legislature must be measured against the power granted to it by Congress).

7. The drafting of the legislative provision for expansion of the jurisdiction of the Territorial Court, 4 V.I.Code § 76(a) (1991) (jurisdiction over local civil actions), has unfortunately spawned other inconsistencies with the Revised Organic Act. These inconsistencies appear to emasculate certain statutory provisions that purport to confer jurisdiction on the District Court where there is no power to do so. The following additional provisions of 4 V.I.Code § 32 (last amended in 1984) appear to present similar problems.

Title 4, section 32, subsection (c) provides:

> If in a civil action brought in the territorial court a counterclaim or cross complaint is filed which is in excess of the jurisdiction of the territorial court the entire action shall be transferred by the municipal court to the district court which shall have jurisdiction to hear and determine both the complaint and counterclaim or cross complaint.

4 V.I.Code § 32(c) (Supp.1991). This measure appears to be in conflict with the present civil jurisdiction of the Virgin Islands courts, because the Virgin Islands legislature lawfully eliminated the Territorial Court's amount in controversy requirement by enacting 4 V.I.Code § 76(a) (Supp. 1991). Also, the Virgin Islands legislature's 1976 amendment to 4 V.I.Code § 2 (Supp.1991) changed the name of the "Municipal Court of the Virgin Islands" to the "Territorial Court of the Virgin Islands."

The emphasized portion of section 32(a) is also now obsolete because it confers upon the District Court general original jurisdiction over *all* local actions, excluding those actions in which *section 1613* of the Revised Organic Act vests the Territorial Court with exclusive jurisdiction. This grant of jurisdiction is incompatible with the Revised Organic Act because section 1613 no longer confers jurisdiction upon the Territorial Court. Congress' 1984 amendment of section 1613 of the Revised Organic Act effectively repealed the section referred to in 4 V.I.Code § 32(a)

(Supp.1991). As currently enacted, section 1613 governs relations between the courts and provides for appellate review. 48 U.S.C. § 1613 (1987).[8]

■ Second, the District Court incorrectly interpreted the nature of the relief Brow requests in this "mandamus" petition. While Brow may have entitled his first action "Petition for Writ of Mandamus," if read liberally, we are satisfied that Brow merely seeks enforcement of the Territorial Court's December 22, 1989 judgment.[9] (Appellant's Br. at

---

Additionally, Title 4, section 32, subsection (d) of the Virgin Islands Code provides:

> If in a civil action brought in the territorial court wherein [1] the matter in controversy exceeds the sum or value of $2000, exclusive of interest and costs, [2] the defendant would have been entitled to a jury trial if the action had been brought in the district court, and [3] the defendant demands such a trial at the time of filing his answer, *the action shall forthwith be transferred by the territorial court to the district court for such trial and determination.*

4 V.I.Code § 32(d) (Supp.1991) (emphasis added). This section also appears to be at variance with the Revised Organic Act, because the legislature seems to impose jurisdiction upon the District Court that it may not possess according to the Revised Organic Act. For example, according to 4 V.I.Code § 32(d), if the three requirements of the statute are satisfied, the Territorial Court *must* transfer to the District Court a civil case based on local law, wherein all parties are citizens of the Virgin Islands and the amount in controversy is less than $50,000. Once transferred under section 32(d), the District Court *must* accept the case for trial and determination, even though the action cannot meet the diversity of citizenship and amount in controversy requirements of 28 U.S.C. § 1332 (1966 & Supp. 1992). Such an *ultra vires* award of jurisdiction would run counter to sections 1574 and 1612 of the Revised Organic Act, and Article IV, Section Three of the United States Constitution. 48 U.S.C. §§ 1574(a)–(c), 1612(b) (1987).

In view of these apparent inconsistencies, the Virgin Islands legislature might consider formal repeal of 4 V.I.Code § 32(c) and the redrafting of 4 V.I.Code §§ 32(a) and (d).

8. While it was doubtless inadvertent, the District Court also misspoke with respect to the effect of 4 V.I.Code § 76(a) on the jurisdiction of the Virgin Islands courts. The court stated that because section 76(a) vested the Territorial Court with exclusive jurisdiction over all civil actions, the section limited the District Court's jurisdiction to those areas where its jurisdiction is exclusive. But, section 76(a) does not confer the Territorial Court with *exclusive jurisdiction* over *all civil matters;* rather section 76(a) confers upon the Territorial Court *original jurisdiction*

over *all local civil actions* only. *See supra* II.A. The District Court retains the federal question and diversity jurisdiction conferred upon it by section 1612 of the Revised Organic Act, and shares this jurisdiction concurrently with the Territorial Court. *Id.*

9. *Compare* Black's Law Dictionary 866 (5th ed. 1979) (Mandamus is an "[e]xtraordinary writ which lies to compel performance of ministerial act or mandatory duty where there is a clear legal right in plaintiff, a corresponding duty in defendant, and *want of any other appropriate and adequate remedy.*" (emphasis added)) *with id.* at 510 ("Execution upon a money judgment is the legal process of enforcing the judgment.") *and* Fed.R.Civ.P. 69(a) ("Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise.").

Had Brow brought a true mandamus action, the District Court would possess the subject matter jurisdiction to hear the petition. Mandamus is an area where the District Court and the Territorial Court each possess the authority to issue mandamus orders in the aid of their jurisdiction. *See* 48 U.S.C. § 1612(a) (Supp.1991) (District Court of the Virgin Islands has the jurisdiction of a District Court of the United States); 28 U.S.C. § 1651(a) (1966) (All Writs Act grants District Courts of the United States the power to issue mandamus in aid of their jurisdiction); 5 V.I.Code § 1361(a) (1967) (codifies District Court of the Virgin Islands' power to issue mandamus; 4 V.I.Code § 83 (Supp.1991) (Territorial Court of the Virgin Islands may "issue all writs and make all orders necessary or appropriate in aid of its jurisdiction."); *Bryan v. Virgin Islands Water & Power Auth.*, 22 V.I. 48, 51–53 (Terr.Ct.V.I.1986) (applying 4 V.I.Code § 83 to mandamus actions). The authority of the District Court is permissive, however, and the District Court is not required, as Brow had argued, to issue a mandamus order simply because the petitioner requests the order to be issued against a so-called "inferior court." *See* 5 V.I.Code § 1361(a) (1967) ("*In an appropriate action, or upon an appropriate motion* in an action under the practice prescribed in the Federal Rules of Civil Procedure the District Court *may* issue a mandatory order....") (emphasis added).

3); *see Riley v. Jeffes,* 777 F.2d 143, 147 (3d Cir.1985) (citing *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972)) (*pro se* pleadings are read liberally and are not held to the same stringent standards as pleadings prepared by an attorney).

Sections 471–79 of Title 5 of the Virgin Islands Code govern the enforcement of judgments through the issuance of a writ of execution. 5 V.I.Code §§ 471–79 (1967 & Supp.1991). Both the Territorial Court and the District Court command the authority to enforce the judgments issued in their respective courts. 5 V.I.Code § 471 (Supp.1991). The mechanics of this procedure are elementary—the party recovering the judgment brings an enforcement action in the court whose order the party seeks to enforce. *See, e.g.,* 5 V.I.Code app. IV, Rule 51 (1982) (all requests for issuance of writ of execution shall be made in writing to the clerk of the court for the judicial division in which the judgment was entered); *see also* 49 C.J.S. *Judgments* § 585 (1947) ("As a general rule, a party recovering judgment has the right to proceed to enforce it, and the court rendering judgment has inherent power to enforce it and to make such orders and issue such process as may be necessary to make it effective.").

In Brow's case, that court is the Territorial Court, because it issued the order to retroactively reinstate Brow's wages and benefits. *See, e.g.,* 4 V.I.Code § 77(a) (Supp.1991) (all civil cases originally filed in the Territorial Court shall be tried and concluded in that court). Accordingly, the District Court did

not have subject matter jurisdiction to enforce the order issued by the Territorial Court. Therefore, insofar as Brow requested an enforcement of the Territorial Court's order, we agree that the District Court was correct in dismissing the "mandamus" portion of Brow's action for lack of subject matter jurisdiction.[10]

### 2. *Injunctive Relief*

■ In his "Petition for Temporary Restraining Order," Brow attempts to advance a claim for injunctive relief pursuant to 42 U.S.C. § 1983 to prevent the Virgin Islands government and its officials from further depriving him of his property without due process of law. (Appellant's Pet. for T.R.O. at ¶¶ 12–14.) According to section 1612(a) of the Revised Organic Act, the District Court presently exercises original jurisdiction over civil actions brought pursuant to federal statutes. *See supra* II.A. Therefore, 4 V.I.Code § 76(a) did not divest the District Court of its subject matter jurisdiction to hear Brow's action.[11]

■ The dismissal of Brow's petition was ultimately appropriate, however, because neither the Territory of the Virgin Islands, nor its officers acting in their official capacities are "persons" under 42 U.S.C. § 1983. *Ngiraingas v. Sanchez,* 495 U.S. 182, 192, 110 S.Ct. 1737, 1743, 109 L.Ed.2d 163 (1990). Thus, Brow's action for injunctive relief to prevent further violation of his civil rights failed to state a claim for which relief could be granted and was properly dismissed.[12]

---

**10.** In its discretion, the District Court could have elected to transfer Brow's case to the Territorial Court pursuant to 4 V.I.Code § 32(b) or § 79(b) (Supp.1991). These sections provide for the permissive transfer of cases from the District Court to the Territorial Court when the cases are within the jurisdiction of the Territorial Court and in the interests of justice. Nevertheless, it would appear that the District Court's failure to transfer Brow's action would not constitute an abuse of discretion as it seems unlikely that Brow could succeed on the merits in the Territorial Court. *See* 5 V.I.Code § 479(a)(4) (1967 & Supp.1991) (all property of the Virgin Islands government is exempt from execution); *see also Lindway v. Government of V.I.,* 19 V.I. 193, 194 (D.V.I.1982) (money judgment against Virgin Islands govern-

ment cannot be enforced by writ of execution or writ of mandamus).

**11.** The District Court held to the contrary for the reasons set forth (and rejected) in note 8 *supra.*

**12.** Notwithstanding the verbiage of Brow's prayer for relief, it is evident that his "injunctive" claim for past wages and benefits was essentially a claim for retrospective damages, *see supra* I. at p. 1030, and thus not actionable against territorial officials in their official capacities under 42 U.S.C. § 1983. *Cf. Edelman v. Jordan,* 415 U.S. 651, 666–68, 94 S.Ct. 1347, 1357–58, 39 L.Ed.2d 662 (1974) (the practical effect of the prayer for relief governs because every request for equitable relief is not permissible in official capacity suits against state officials). Similarly, *Ngiraingas*

### III. Propriety of the Order Enjoining Brow from Filing Further Actions in the District Court

In its order dismissing Brow's mandamus and injunctive petitions, the District Court also issued the following order, *sua sponte:*

IT IS FURTHER ORDERED that petitioner, Ronald A. Brow, is enjoined from filing any further lawsuits in the United States District Court of the Virgin Islands regarding the Government of the Virgin Islands, its departments, commissioners, and other employees acting in their professional capacities; and

FINALLY ORDERED that the Clerk of the Court shall not, effective this date, file or accept for filing any future pleadings, motions or other papers or documents from or on behalf of Ronald A. Brow, *unless* the same are accompanied by an application for leave of Court to file such new pleadings, motion or other papers or documents, in which application it is certified by petitioner that the matters to be raised are new and never before considered or determined by a federal court or by the Territorial Court of the Virgin Islands; provided, however, that the Clerk may accept for filing a notice of appeal from this order without petitioner's having to comply with the foregoing application and certification procedure.

*Brow v. Farrelly,* Nos. 1992–0040, 1992–0049 (D.V.I. June 19, 1992) (emphasis in original).

▉▉▉ The All Writs Act, 28 U.S.C. § 1651(a), made applicable to the District Court of the Virgin Islands through 48 U.S.C. § 1612(a), enables the District Court to issue such injunctions to preclude abusive, groundless and vexatious litigation. *See In re Oliver,* 682 F.2d 443, 445 (3d Cir.1982). The broad scope of the District Court's power, however, is limited by two fundamental tenets of our legal system—the litigant's rights to due process and access to the courts.

▉▉▉ To ensure these rights, we have held that the District Court must comply with the following requirements when issuing such prohibitive injunctive orders against *pro se* litigants. At the outset, the District Court should not restrict a litigant from filing claims absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions. *Matter of Packer Ave. Assoc.,* 884 F.2d 745, 747 (3d Cir.1989); *Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.,* 882 F.2d 72, 73 (3d Cir.1989); *In re Oliver,* 682 F.2d at 446. If the circumstances warrant the imposition of an injunction, the District Court must give notice to the litigant to show cause why the proposed injunctive relief should not issue. *Gagliardi v. McWilliams,* 834 F.2d 81, 83 (3d Cir.1987); *In re Oliver,* 682 F.2d at 446. This ensures that the litigant is provided with the opportunity to oppose the court's order before it is instituted. Likewise, the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case before the District Court. *See Chipps,* 882 F.2d at 73; *Matter of Packer Ave. Assoc.,* 884 F.2d at 746, 748; *see also In re Oliver,* 682 F.2d at 446; *Gagliardi,* 834 F.2d at 83.

▉▉▉ The proscription placed on Brow by the District Court of the Virgin Islands violates each of these requirements and constitutes an abuse of the District Court's discretion. First, the District Court offered no justification for its imposition of the order. There is no evidence in the record to demonstrate that Brow is an abusive litigant who repeatedly files baseless actions. There is also no evidence supporting any determination that Brow continually has attempted to

---

dealt with a claim for retrospective damages, not with a claim for prospective injunctive relief. 495 U.S. at 184, 110 S.Ct. at 1738. Although the Supreme Court stated its holding in *Ngiraingas* broadly, we cannot rule out the possibility that it did not intend its pronouncement to bar section 1983 actions for prospective injunctive relief against territorial officials in their official capacities. *Cf. Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 2311 n. 10, 105 L.Ed.2d 45 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official capacity actions for prospective relief are not treated as actions against the State.'" (quoting *Kentucky v. Graham,* 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3105 n. 14, 87 L.Ed.2d 114 (1985) and citing *Ex Parte Young,* 209 U.S. 123, 159–160, 28 S.Ct. 441, 453–454, 52 L.Ed. 714 (1908)). However, since Brow did not seek prospective relief in his petition, we need not address this issue here.

relitigate adjudicated claims. Hence, there appear to be no exigent circumstances to warrant the imposition of the injunction.[13]

Second, the record does not indicate that the District Court provided Brow with an order to show cause why the injunction should not issue, or an opportunity to be heard on the matter. Consequently, Brow could not foresee that the District Court contemplated the imposition of such a restrictive order and could not defend against it.

Finally, the District Court's injunctive order is not narrowly tailored. The initial portion of the order, which enjoins Brow from filing any further lawsuits in the District Court against the Government of the Virgin Islands, or its employees in their official capacities, is patently overbroad on its face.[14] The District Court's inclusion of a certification procedure in its order cannot offset the extreme restriction of Brow's access to the courts. "There is simply no support in the law for permitting an injunction prohibiting a litigant from ever again filing a document in federal court." *Matter of Packer Ave. Assoc.*, 884 F.2d at 748. Accordingly, the District Court's *sua sponte* order cannot be allowed to stand.

## IV. *CONCLUSION*

The portion of the District Court's order dismissing Brow's petition for writ of mandamus and petition for temporary restraining order for lack of jurisdiction will be affirmed. The portion of the District Court's order enjoining Brow from filing any lawsuits against the Virgin Islands government, and effectively enjoining Brow from ever filing another paper in the District Court of the Virgin Islands without the District Court's approval, will be vacated. Parties to bear their own costs.

---

13. Although the District Court did not offer evidence of Brow's repetitive filings in its order, our independent review of the District Court docket revealed that Brow previously filed the following additional cases: *Brow v. George Farrelly, Comm'r of Pub. Safety, et al.,* No. 86–00240 (D.V.I. Apr. 3, 1987) (dismissed); *Brow v. Government of V.I., et al.,* No. 88–00319 (D.V.I. Feb. 17, 1989) (dismissed for failure to prosecute); *Brow v. Government of V.I., et al.,* Nos. 88–00385, 89–00072 (D.V.I. July 17, 1992) (dismissed), C.A. No. 92–7151 (3d Cir. May 18, 1992) (dismissed for lack of jurisdiction), C.A. No. 92–7456 (3d Cir.) (pending); *Brow v. George Farrelly, Comm'r of Pub. Safety, et al.,* No. 90–00053 (D.V.I. June 27, 1990) (dismissed for failure to prosecute). The District Court docket entries, of course, did

not indicate whether these cases were meritless or attempted to relitigate adjudicated claims.

14. For example, the language even precludes Brow from filing any action pursuant to the Virgin Islands Tort Claims Act, 33 V.I.Code §§ 3401 *et seq.* (Supp.1991). Indeed, the plain language of the remaining portion of the order effectively prohibits Brow from filing any document in the District Court of the Virgin Islands. For example, Brow is precluded from filing an answer, a motion to dismiss, a notice of appearance, or even an exhibit in a case wherein he is a named defendant without leave of the District Court. This holds true whether Brow is represented by counsel or appears *pro se*.