

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-24-1994

# Durant v. Husband, et al.

Precedential or Non-Precedential:

Docket 93-7414

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

## Recommended Citation

"Durant v. Husband, et al." (1994). *1994 Decisions.* Paper 59.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/59

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 93-7414

————————

FRANK DURANT,
                         Appellee
              v.

DAVID HUSBAND; GOVERNMENT OF THE VIRGIN ISLANDS;
   CONTANT RESTAURANT ASSOCIATION, INC., d/b/a
       OLD MILL AND SUGARS NIGHT CLUB,

     Government of the Virgin Islands, Appellant

————————

APPEAL FROM THE DISTRICT COURT OF THE VIRGIN ISLANDS
       (Division of St. Thomas and St. John)
            (D.C. Civ. No. 90-00281)

————————

Argued April 18, 1994

Before:  STAPLETON, ALITO, and WEIS, Circuit Judges

Filed June 24, 1994

————————

Frederick Handleman, Esquire (ARGUED)
Rosalie Simmonds Ballentine, Esquire
Attorney General
Paul L. Gimenez, Esquire
Solicitor General
Darlene C. Grant, Esquire
Office of the Attorney General
4850 Kronprindsens Gade
GERS Complex, 2nd floor
Charlotte Amalie, St. Thomas
USA  Virgin Islands  00802

Attorneys for Appellant, Government of the Virgin Islands


Andrew L. Capdeville, Esquire (ARGUED)
Law Offices of Andrew L. Capdeville
201 Nisky Center, Box 6576
Charlotte Amalie, St. Thomas
USA  Virgin Islands  00804-6576

1

Attorney for Appellee, Frank Durant

WEIS, Circuit Judge.

In this suit under the Virgin Islands Tort Claims Act, plaintiff secured a default in the district court after the territorial government had failed to answer the complaint. After a contested hearing that was limited to damages, plaintiff received a judgment for $25,000. We hold that the award was a "judgment by default" against the government and thus proscribed by the Tort Claims Act. Accordingly, we will reverse the judgment and remand for a trial on liability and damages.

Plaintiff Frank Durant was employed as a security guard at the Old Mill Restaurant and Sugars Night Club on St. Thomas, Virgin Islands. At about 4:00 a.m. on January 14, 1990, a disturbance erupted among several patrons at the nightclub. Plaintiff managed to quell the altercation. Shortly thereafter, however, defendant David Husband, an off-duty policeman employed by the Virgin Islands government who was also a patron at the nightclub, struck plaintiff on the head with a pistol and later fired a shot that missed him. For his conduct at the nightclub, Husband was convicted on charges of assault and using a deadly weapon.

After properly serving the Attorney General with a notice of intent to submit a claim under the Virgin Islands Tort Claims Act, V.I. Code tit. 33, § 3401 et seq., plaintiff filed a

suit in the district court on September 18, 1990. The complaint named as defendants the owner of the nightclub, the Government of the Virgin Islands, and Husband. The government was not served with the complaint until April 30, 1991.

In July 1991, the owner of the nightclub was dismissed on the plaintiff's stipulation. Meanwhile, pretrial proceedings in the claim against Husband continued in the district court.

As of September 1992, the Attorney General's office had not responded to the complaint, and on September 18, 1992, plaintiff moved for default against the government. There is no indication in the record that the government was ever given notice of the motion before the clerk entered the default on January 26, 1993.

On February 12, 1993, the Attorney General's office filed an untimely answer without obtaining leave of court. The district court struck the answer on February 22, 1993 and directed that a hearing on damages would begin on March 29, 1993.

In the period between March 9, 1993 and March 24, 1993, the Attorney General's office filed motions to file an answer out of time, to set aside the default, and for judgment on the pleadings. The trial judge denied all of these motions, thus rejecting the government's contention that no judgment by default could be entered under the governing Virgin Islands law.

The court conducted a hearing that was confined to the amount of damages the government would be required to pay. Plaintiff and one of his physicians testified on the extent of the physical and emotional injuries that were caused by the

4

incident at the nightclub.  Although a Deputy Attorney General cross-examined the witnesses, he did not produce any evidence. At the conclusion of the damages hearing, the district court entered a judgment in favor of plaintiff in the amount of $25,000.

The plaintiff's claim against the government is based on the Virgin Islands Tort Claims Act.[1]  The statute is a limited waiver of the Virgin Islands' sovereign immunity conferred by the Revised Organic Act of the Virgin Islands, 48 U.S.C. § 1541(b). See Deary v. Three Un-Named Police Officers, 746 F.2d 185, 193 (3d Cir. 1984).[2]

One of the limitations on the government's conditional waiver can be found in V.I. Code tit. 33, § 3408.  This section provides that the government assumes liability with respect to personal injury "caused by the negligent or wrongful act or omission of an employee . . . while acting within the scope of his office or employment, under circumstances where the Government of the Virgin Islands, if a private person, would be liable to the claimant . . . ."  Id. § 3408(a).  However, those provisions do not apply if the injury "is caused by the gross negligence of an employee . . . while acting within the scope of his office or employment."  Id. § 3408(b).

---

[1] The complaint also asserted damages under 42 U.S.C. § 1983, but the Virgin Islands government is not subject to such suits, see Ngiraingas v. Sanchez, 495 U.S. 182 (1990); Brow v. Farrelly, 994 F.2d 1027, 1037 (3d Cir. 1993), and that claim is not raised in this appeal.

[2] For a discussion of the sovereign immunity of a U.S. Territory, see Ngiraingas, 495 U.S. at 203-06 (Brennan, J., dissenting).

A further limitation of the government's conditional waiver can be found in section 3411(a): "No judgment shall be granted on any claim against the [g]overnment . . . except upon such legal evidence as would establish liability against an individual or corporation in a court of law, and no judgment by default shall be entered against the [g]overnment." No case law defines the meaning of "judgment by default" as that term is used in the Virgin Islands Tort Claims Act.

The Federal Rules of Civil Procedure are in effect in the Virgin Islands. In moving for a default, plaintiff followed the procedures set out in Rule 55, which makes a distinction between an "entry of default" and a "judgment by default." Rule 55(a) allows the court clerk to enter a default against a party on its failure to plead or otherwise defend. However, when the claim is unliquidated, plaintiff must apply to the court for a "judgment by default." If it is necessary "to determine the amount of damages or to establish the truth of any averment by evidence," the court may conduct a hearing. Fed. R. Civ. P. 55(b)(2).

Rule 55(e) provides that "[n]o judgment by default shall be entered against the United States . . . unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Fed. R. Civ. P. 55(e). However, because that subsection is expressly limited to the government of the United States, it is not applicable to the case at hand, and consequently, decisional law interpreting that subsection is not controlling. Moreover, the clause beginning with "unless" is

6

conspicuously not present in the Virgin Islands statute. Thus, the cases allowing the entry of a "default" against the federal government and granting relief to a plaintiff under the exception provided by that clause are not particularly helpful, even by analogy.

Plaintiff proceeded in the district court as if the Virgin Islands Tort Claims Act and Federal Rule of Civil Procedure 55 were compatible and complementary. The language of the Tort Claims Act, however, is quite specific and unambiguously prohibits any judgment by default against the territorial government.

The Rules Enabling Act provides that the federal rules must not "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). Rule 55(e), however, substantially restates the now-repealed last clause of 28 U.S.C. § 763 (action against the United States under the Tucker Act). See Fed. R. Civ. P. 55 advisory committee's note; see also 10 Charles A. Wright et al., Federal Practice and Procedure § 2702 (1983). Because Rule 55(e) in a sense incorporates a statute addressing the limitation on the sovereign immunity of the United States, the Rule is not wholly procedural.

To the extent that the Virgin Islands waiver of sovereign immunity is flatly conditioned on the non-availability of a default judgment, the matter is one of substance and not procedure. Applying Rule 55(e) to permit default judgments against the Virgin Islands government in the present case would significantly "enlarge" the substantive rights conferred on

7

claimants under section 3411(a) of the Tort Claims Act Therefore, where a conflict between Rule 55 and the substantive Virgin Islands statute exists, as here, the Rule must give way.[3]

Before presenting his testimony on damages in the district court, plaintiff argued that a judgment entered after a damages hearing would constitute a judgment on the merits, even though the government was prohibited from contesting its liability because of the default. The district court accepted this reasoning, but we cannot agree that the clear statutory prohibition against a judgment by default may be so evaded.

The judgment against the government was grounded on two essential bases -- liability and damages. Lacking either element, the judgment can have no validity under the Tort Claims Act. In the case at hand, the default ruling on liability goes to the very heart of the judgment, despite the fact that a hearing was conducted to enable the government to contest the amount of damages. The judgment here was not based on the merits of both liability and damages, but on damages only. The judgment, therefore, is fatally deficient under the Virgin Islands Tort Claims Act.

The facts before us support the legislative decision to ban default judgments against the government. The Attorney General's office was indeed negligent and inefficient in its case

---

[3]We are not presented here with the situation where a federal rule has merely an incidental effect on a substantive right and is "reasonably necessary to maintain the integrity of that system of rules." See Burlington N. R.R. v. Woods, 480 U.S. 1, 5 (1987).

8

processing procedures by allowing so much time to elapse before it filed an answer. However, the circumstances in which plaintiff was injured suggests that there may be serious questions about whether the government is liable. There is reason to believe that the government might ultimately prevail if given a full opportunity to defend and present evidence.

In discussing a default against the federal government in a different context, the United States Court of Appeals for the Fifth Circuit explained: "[Rule 55(e)] rests on the rationale that the taxpayers at large should not be subjected to the cost of a judgment entered as a penalty against a government official which comes as a windfall to the individual litigant." Campbell v. Eastland, 307 F.2d 478, 491 (5th Cir. 1962). In the present state of the record, we cannot determine whether the award to plaintiff would be a windfall, but we must recognize legitimate concerns for taxpayers who would be detrimentally affected by the entry of a judgment by default.

The problem in this case was apparently brought about by someone in the Attorney General's office who had placed the civil complaint in the file on the criminal case pending against defendant Husband. Although efficient procedures can minimize the risk of such an occurrence, misfilings can occur in any office. It may well be that the legislature had anticipated such human failings when it prohibited default judgments against the government.

The district court is not powerless to cope with delays such as occurred in this case. We are confident that if the

court -- at the plaintiff's urging -- had called the delinquency to the attention of the Attorney General, an answer would have been forthcoming.  There is no evidence in the record to indicate that the Attorney General's office was being uncooperative or deliberately delaying disposition of the case.[4]  We expect that the Attorney General will improve the procedures in the office so that similar incidents of this nature will not occur in the future.

Because the territorial government had the power to completely retain its sovereign immunity and thus bar all relief to tort claimants, the legislature's decision to deny recovery based on default judgments is obviously defensible.  We conclude that a judgment entered after default on liability and following a contested hearing on damages is nevertheless a "judgment by default" prohibited in actions brought under the Virgin Islands Tort Claims Act.  See Concepcion v. Soto, 519 F.2d 405, 407 n.2 (3d Cir. 1975).

We emphasize that our holding applies to the situation where the government has failed to appear or file an answer in response to a properly served complaint.  We do not consider in this case the circumstances where sanctions -- whether categorized as a default or simply having the effect of one --may

---

[4]Plaintiff opposed the government's motion to set aside the default, arguing:  "`After several demands, not only from my office but also from the Court, when this case was pending with no response from the government.  Default was the only avenue that we had.'"  Br. of Plaintiff-Appellee at 11-12 (quoting R. at 18).  We have found nothing in the record to support this statement.

be imposed as a penalty for government conduct during the progress of litigation.  Cf. Reynolds v. United States, 192 F.2d 987, 998 (3d Cir. 1951) (Federal Rule of Civil Procedure 55 does not apply to sanctions for the government's failure to produce discovery materials), rev'd on other grounds, 345 U.S. 1 (1953).

Our holding is consistent with Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168 (3d Cir. 1990). In that case, we pointed out the difference between granting a default judgment and granting a motion for relief pursuant to a local rule upon the complete failure of a party to respond.  The defendant had failed to file an answer to a motion for summary judgment.  However, we held that delinquency was not sufficient to justify the entry of summary judgment in the absence of facts in the record to support the action on the merits.  Id. at 176.

Plaintiff suggests that if the default is found to be improper, then the finding on damages should be sustained to avoid retrial on that issue if liability is ultimately found against the government.  We decline to follow that suggestion because the limited scope of the hearing on damages did not permit inquiry into the potential effect of the settlements reached between plaintiff and the other two defendants, nor did it address issues of joint or several liability and primary or secondary liability.

Accordingly, we will reverse the judgment of the district court and will remand for a trial on both liability and damages.

11