**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-6066

In Re:  JOSEPH MARION HEAD, JR.,

Petitioner.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (CA-06-1-1)

Submitted:  March 17, 2006          Decided:  April 5, 2006

Before MOTZ and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Joseph Marion Head, Jr., Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joseph Marion Head, Jr., a federal prisoner, appeals the district court's sua sponte order modifying a prefiling injunction. Under the terms of the modified injunction, the district court will accept no further filings from Head, and any documents that Head submits to the district court will be returned, unopened, to Head. The district court therefore precluded Head from again filing any document within the Western District of North Carolina. Because Head was not given notice and an opportunity to be heard before the district court entered the order, we vacate the order and remand for further proceedings.

A federal court may issue a prefiling injunction when a litigant's vexatious conduct hinders the court from fulfilling its constitutional duty. Procup v. Strickland, 792 F.2d 1069, 1073-74 (11th Cir. 1986) (en banc). It is imperative that the court afford the litigant notice and an opportunity to be heard prior to issuing such an injunction. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 819 (4th Cir. 2004). Further, a prefiling injunction "must be narrowly tailored to fit the particular circumstances of the case," Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993), and should not be so broad as to effectively deny all access to the courts. Cromer, 390 F.3d at 818-19. When imposing an injunction, the court considers several factors, including whether, instead of a complete

ban on all future filings in any and all cases, a less severe sanction might achieve the desired deterrent effect.  Id.

Here, the district court did not afford Head notice and an opportunity to be heard prior to modifying the prefiling injunction that had been in effect for approximately ten years. Therefore, we vacate the district court's order and remand for further proceedings.  On remand, the district court should reconsider the breadth of the modified injunction, keeping in mind our admonition in Cromer that a litigant should not be denied all access to the courts.  See id.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED