

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-29-2008

# Waris v. Frick

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3927

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Waris v. Frick" (2008). *2008 Decisions.* Paper 40.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/40

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3927
_____

ALI WARIS,

Appellant
vs.

JOSEPH FRICK; MICHAEL ZIPFEL; ANYA POLLARD;
GERALD J. DUGAN; DUGAN BRINKMANN MAGNNIS AND PACE;
GREGORY F. LEPORE; GERALD C. MONTELLA;
HONORABLE GEORGE PAGANO; HONORABLE HARRY J. BRADLEY;
BOARD OF DIRECTORS OF KEYSTONE HEALTH PLAN EAST

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 06-cv-05189)
District Judge:  Honorable Marvin Katz

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 29, 2008
Before:  Chief Judge SCIRICA, CHAGARES and WEIS, Circuit Judges
(Opinion filed: December 29, 2008)

_____

OPINION
_____

1

PER CURIAM.

The procedural history of this case and the details of Waris's claims are well known to the parties and need not be discussed at length. Briefly, Waris filed a lawsuit in the Delaware County Court of Common Pleas over the delay in his receiving $31 in reimbursement from Keystone Health Plan East (KHPE). Unhappy with the state court proceedings, Waris filed a complaint in the United States District Court for the Eastern District of Pennsylvania. He alleged, inter alia, that KHPE and several of its employees and its Board violated RICO by committing wire fraud, mail fraud, and state law crimes. He contended that state court counsel for KHPE committed perjury, tampered with evidence, and committed mail fraud. Dissatisfied with the random assignment of the state court case and several court orders, Waris accused a court administrator and two state court judges of violating his rights. On September 25, 2007, the District Court granted several appellees' motions for summary judgment. On October 1, 2007, Waris filed a notice of appeal. The notice of appeal ripened after the final judgment was entered on October 26, 2007, see Cape May Greene, Inc. v. Warren, 698 F.2d 179, 184-85 (3d Cir. 1983); however, the scope of the appeal does not include the October 26th order.

We exercise plenary review over the District Court's order granting appellees' motions for summary judgment. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). A grant of summary judgment will be affirmed if our review reveals

2

that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the facts in a light most favorable to the party against whom summary judgment was entered. See Coolspring Stone Supply, Inc. v. American States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993). While Waris has made conclusory accusations of misconduct by appellees, he has provided no evidence of such and pointed to no genuine issues of material fact. We agree with the District Court that appellees were entitled to summary judgment on Waris's claims.

Appellees have filed a motion for damages and double costs under Fed. R. App. P. 38. Rule 38 provides that we may award damages and single or double costs to appellees if we determine an appeal to be frivolous. Appellees have also requested injunctive relief in the form of an order barring Waris from filing additional lawsuits against them. We agree that Waris's appeal is frivolous and will award double costs. We further agree that appellees are entitled to an injunction preventing Waris from continuing his vexatious litigation. Waris has not disputed appellees' sworn assertions that he threatened to continue litigating this issue and include current counsel as defendants. In fact, it appears that Waris has already filed such a lawsuit." Such harassing behavior is unacceptable. However, because any such injunction would need to be enforced by the District Court, we will deny appellees' request for injunctive relief without prejudice to refiling in the District Court. We note that Waris should be given notice of the proposed

3

injunction and an opportunity to show cause why it should not be issued. The scope of the injunction should be narrowly tailored. See Brow v. Farrelly, 994 F.2d 1027, 1037-8 (3d Cir. 1993).

For the above reasons, we will affirm the District Court's judgment. Appellees' motion to file a supplemental appendix is granted. Appellees' motion for damages and costs is granted to the extent that it requests double costs. Appellant's amended motion to strike, motion to impose sanctions, and motion for vacatur are denied.