**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3718
_____

ENRICO J. CIARROCCHI,

                                    Appellant

v.

KENNEDY MEMORIAL HOSPITAL; JOSEPH RODI;
DEBORAH RIGGS; MICHAEL CIARROCCHI

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1:09-cv-04468)
District Judge:  Honorable Noel L. Hillman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 4, 2010
Before: SLOVITER, CHAGARES and WEIS, Circuit Judges
Opinion filed: May 6, 2010
_____

OPINION
_____

PER CURIAM.

        Enrico Ciarrocchi, proceeding pro se, appeals the District Court's orders

dismissing his complaint and denying his motion for reconsideration.  For the reasons that

follow, we will affirm.

**I.**

Because the background of this case is familiar to the parties, we discuss it only briefly here. In June 2008, Ciarrocchi filed a complaint pursuant to 42 U.S.C. § 1983 in the District Court against Kennedy Memorial Hospital ("Kennedy Memorial"), Deborah Riggs (his ex-wife), Michael Ciarrocchi (his brother), and Joseph Rodi (his uncle). He claimed that the defendants had violated his "constitutional and civil rights" by having him involuntarily hospitalized at Kennedy Memorial in the mid-1990s. Rodi moved to dismiss the complaint, and both Kennedy Memorial and Riggs later moved for summary judgment.

In February 2009, the District Court granted each of these motions, dismissed the complaint as to Ciarrocchi's brother (who had yet to enter an appearance in the case), and closed the case. In doing so, the court concluded that res judicata barred Ciarrocchi's case because a New Jersey state court had previously adjudicated his claims. The District Court further held that his claims were also barred by the statute of limitations. Ciarrocchi subsequently filed a motion for reconsideration, which the court denied. He did not appeal from any judgment in that case.

In August 2009, Ciarrocchi filed a second §1983 complaint in the District Court, raising the same claims against the same defendants. On September 3, 2009, the District Court, acting sua sponte, entered an order dismissing this second complaint. The court, like before, concluded that res judicata and the statute of limitations barred

Ciarrocchi's claims. The court further held that dismissal was also warranted because none of the defendants appeared to be "state actors" under § 1983. Finally, the court, noting that Ciarrocchi had filed "numerous other cases in this District, many of which have been dismissed on the Court's sua sponte review," (Dist. Ct. Mem. of Sept. 3, 2009, at 2-3 n.2), ordered that "if [Ciarrocchi] attempts to relitigate these same claims against these same defendants for a third time, the Court will be obligated to enjoin [him] from filing any claims in this District without permission of the Court." (Id. at 4.) Ciarrocchi subsequently filed a motion for reconsideration, which the District Court denied in an order entered on September 11, 2009. He now appeals from both that order and the court's September 3, 2009 order.[1]

## II.

The term "res judicata" encompasses the concepts of both issue preclusion and claim preclusion. Venuto v. Witco Corp., 117 F.3d 754, 758 n.5 (3d Cir. 1997). Issue preclusion, which is relevant here, "prevents parties from relitigating an issue that has already been actually litigated." Peloro v. United States, 488 F.3d 163, 174 (3d Cir. 2007). Issue preclusion applies when: "'(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment.'" Id. at 175 (quoting Burlington N. R.R. v. Hyundai Merch. Marine Co.,

_____

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

63 F.3d 1227, 1231-32 (3d Cir. 1995)). Although a defendant generally must raise issue preclusion as an affirmative defense, see Arizona v. California, 530 U.S. 392, 412-13 (2000), "'if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised.'" Id. at 412 (quoting United States v. Sioux Nation of Indians, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting)).

Issue preclusion clearly applies here, as the instant complaint sought to relitigate the same claims that the same District Court had rejected in his earlier federal case. Accordingly, the District Court did not err in sua sponte dismissing the instant complaint or denying his motion for reconsideration.[2] Given that Ciarrocchi has filed several meritless actions in federal court and has attempted to raise the instant claims on multiple occasions, the District Court was within its discretion to warn him that, if he were to file the same suit again, the court would require him to obtain its permission to file any future actions. We must stress, however, that if Ciarrocchi does attempt to file this same suit again, the District Court must afford him an opportunity to oppose such an injunction before imposing it. See Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993).

---

[2] Because we conclude that issue preclusion bars Ciarrocchi's instant claims, we need not address whether § 1983 was the proper vehicle for asserting those claims.

4

In light of the foregoing, we will affirm the District Court's orders of September 3, 2009, and September 11, 2009, respectively. Rodi's motion for leave to file a responsive brief beyond the time set forth in the briefing schedule is denied as moot.