**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2084
_____

IFEOMA EZEKWO,
Appellant

v.

CALIBER HOME LOANS, INC.; US BANK TRUST NA, as Trustee for LSF9 Master
Participation Trust; JAMAR HARRIS; LEDER WETTRE, Individually and in her
official capacity as Justice of the Federal District Court Newark, New Jersey; SUSAN D.
WIGENTON, Individually and in her official capacity as Justice of the Federal District
Court Newark, New Jersey; JOAN BEDRIN MURRAY, Individually and in her official
capacity as Justice of the Superior Court, Bergen County, New Jersey; STEPHEN
CATANZARO; JAY HARMON SPERLING; CHRISTINA A. LIVORSI; SHERRI J.
SMITH; CHRISTOPHER A. SALIBA; THOMAS WALSH; JOHN AND JANE DOES 1
TO 10; STATE OF NEW JERSEY; COUNTY OF BERGEN; SHERIFF CURETON,
Individually and in his official capacity as Sheriff of Bergen County, New Jersey

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:21-cv-09936)
District Judge:  Honorable Renée M. Bumb

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 4, 2022

Before: MCKEE, SHWARTZ, and MATEY, Circuit Judges

(Opinion filed: July 18, 2023)

―――――――――

OPINION*

―――――――――

PER CURIAM

Frequent pro se litigant Ifeoma Ezekwo appeals from the amended filing

injunction entered against her by the United States District Court for the District of New

Jersey ("the District Court"). For the reasons that follow, we will affirm that order.

I.

In April 2021, Ezekwo commenced a civil action in the District Court against

numerous defendants. This civil action was one of several that she had brought in that

court.[1] The District Court observed that this latest case appeared to be either duplicative

of some of her earlier cases or barred by preclusion principles and the doctrine of judicial

immunity. In light of these observations, the District Court twice directed Ezekwo to

show cause why it should not dismiss the April 2021 case and preclude her "from filing a

further action relating to [that earlier litigation] without first seeking Court approval."

(Dist. Ct. Order entered Apr. 23, 2021, at 2; Dist. Ct. Order entered May 5, 2021, at 2-3.)

After both show-cause deadlines passed without a response from Ezekwo, the

District Court entered a "Preclusion Order" that, inter alia, (1) prohibited her from filing,

without the District Court's express permission, a complaint asserting claims related to

―――――――――――――――――――

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] It appears that this case was the sixth civil action that she had brought in the District
Court since January 2020.

2

certain earlier cases, and (2) stated that she "must seek leave to file *any* complaint by filing a letter . . . setting forth valid reasons why the Court should allow the complaint to be filed." (Dist. Ct. Order entered May 18, 2021, at 3 (emphasis added).)

Ezekwo appealed from the Preclusion Order. In May 2022, we vacated that order and remanded for further proceedings. See Ezekwo v. Caliber Home Loans, Inc., Nos. 21-2404 & 21-2700, 2022 WL 1315094, at *2 (3d Cir. May 3, 2022) (per curiam) [hereinafter Ezekwo I].[2] We observed that, while the District Court's show-cause orders had directed Ezekwo to explain why it should not preclude her from filing another action related to her earlier cases, the Preclusion Order required her to obtain leave of court before filing *any* complaint. See id. We concluded that the District Court had erred by not explaining why such a sweeping injunction was warranted. See id. However, we noted that "[n]othing in [our] opinion prevent[ed] the District Court, on remand, from directing Ezekwo to show cause why a more limited filing injunction should not be imposed against her." Id.

The day after we issued our opinion in Ezekwo I, the District Court directed Ezekwo to show cause, within 10 days, why (1) "[her] claims in this case are not barred by the doctrine of *res judicata*, claim preclusion, judicial immunity, and/or as a

---

[2] We exercised jurisdiction over that appeal pursuant to 28 U.S.C. § 1292(a)(1) (providing for review of interlocutory orders of the district courts "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions"), explaining that we lacked jurisdiction under 28 U.S.C. § 1291 (providing for review of "final" district court orders) because (a) the Preclusion Order did not contain any language dismissing Ezekwo's case, and (b) the District Court had not issued a separate order of dismissal. See Ezekwo I, 2022 WL 1315094, at *1 & n.1.

duplicative filing," and (2) that court "should not enter an Amended Preclusion Order, precluding [her] from filing a further action *relating* to Civil Action Nos. 15-3167; 20-480; 20-12799; or 20-16187." (Dist. Ct. Order entered May 4, 2022, at 3.) After the 10-day deadline passed without a response from Ezekwo, the District Court entered an "Amended Preclusion Order" (hereinafter "APO") and an accompanying opinion.

The APO prohibited Ezekwo "from filing a complaint under a new docket with this Court that brings claims *related* to those in Civil Nos. 15-3167; 20-480; 20-12799; or 20-16187 without express permission of this Court." (Dist. Ct. Order entered May 17, 2022, at 3.) Additionally, the APO directed the District Court Clerk to

> assign any subsequently filed action by . . . Ezekwo to the undersigned Judge [(the Honorable Renée M. Bumb),] who will screen any such action and determine whether the allegations set forth therein are duplicative of [Ezekwo's] earlier-filed actions in this District . . . prior to any such action being assigned to a Judge in this District according to the Court's established case assignment procedures.

(Id.) The APO made clear that Ezekwo "is <u>not</u> precluded from filing *unrelated* actions," and that she simply had to "satisfy th[e District] Court that any subsequent suit is, in fact, *unrelated* to those actions previously filed in this District." (Id. at 2-3.) To the extent that a future complaint from Ezekwo were to appear duplicative, the APO indicated that she would need to show cause why that complaint is not, in fact, duplicative and "set forth valid reasons why [it] should be allowed to proceed." (Id. at 3.)

The APO concluded by directing the District Court Clerk to close the case. This appeal followed.

II.

4

As was the case with the District Court's original Preclusion Order, the APO did not contain any language dismissing Ezekwo's case. And since the District Court did not issue a separate order of dismissal, there is no final order currently before us,[3] and thus our appellate jurisdiction to review the APO arises under 28 U.S.C. § 1292(a)(1). We review the APO for abuse of discretion. See Brow v. Farrelly, 994 F.2d 1027, 1032 (3d Cir. 1993).

## III.

Before imposing a filing injunction, a district court must (1) ensure that the situation presents "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions," (2) allow the litigant "to show cause why the proposed injunctive relief should not issue," and (3) "narrowly tailor[]" the filing injunction "to fit the particular circumstances of the case before [that] [c]ourt." Id. at 1038. Each of these steps was met here.

First, the District Court observed that Ezekwo "routinely and frequently submits filings that are unintelligible, duplicative, and aggressive towards the Judges presiding over [her] numerous cases brought in this District," and that she "has a long history of routinely opening new actions . . . that appear to have already been adjudicated or matters

---

[3] As we previously explained when discussing the original preclusion order, see Ezekwo I, 2022 WL 1315094, at *1 n.1, the fact that the APO included language directing the Clerk to close the case did not transform this order into a "final" decision under § 1291, see Penn W. Assocs., Inc. v. Cohen, 371 F.3d 118, 128 (3d Cir. 2004) (holding "that an order merely directing that a case be marked closed constitutes an administrative closing that has no legal consequence other than to remove that case from the district court's active docket").

5

that otherwise relate to [her] other . . . already pending actions." (Dist. Ct. Op. entered May 17, 2022, at 5.) We see no error in these observations, or in the District Court's determination that Ezekwo's filing history "constitutes continued abuse of the judicial process" that warrants a filing injunction.[4] (See id. at 5-6.) Second, the District Court gave Ezekwo the opportunity to show cause why the amended filing injunction should not be entered against her.[5]

Finally, we agree with the District Court that the APO "is appropriately narrow in scope in light of the present circumstances." (Id. at 8.) Unlike the original Preclusion Order, which appeared to bar Ezekwo from filing *any* complaint without the District Court's permission, the APO limits this restriction only to those complaints that are related to the earlier cases referenced in the APO. The APO makes clear that a new case will proceed and be assigned in the normal course once it is determined that the case is unrelated to those earlier cases. We cannot conclude that the APO's assigning a particular District Judge to make that screening determination reflects an abuse of discretion, especially since the District Judge in question has presided over several of

---

[4] As noted earlier, it appears that this civil action was the sixth such action that Ezekwo filed in the District Court in only a 15-month span. And during the approximately 13-month period between Ezekwo's initiating this civil action and the District Court entering the APO, she brought another five civil actions in the District Court.

[5] Ezekwo alleges that she "has received no mail regarding any orders from [the District Court]." (Br. 9.) Assuming for the sake of argument that she was not mailed a copy of the District Court's post-Ezekwo I show-cause order (the third show-cause order in this case), she has had an opportunity to contest the APO in her lengthy appellate brief, and we see no reason to remand this case for the issuance of yet another show-cause order.

6

Ezekwo's cases and thus is well-equipped to readily determine whether a case is unrelated.[6]

In view of the above, we will affirm the District Court's APO. To the extent that Ezekwo seeks any other relief from us, that relief is denied.

---

[6] To the extent that Ezekwo alleges that this District Judge is biased against her, we see no evidence of any such bias or any reason that would warrant the judge's recusal from Ezekwo's cases. See 28 U.S.C. §§ 144 & 455 (setting forth standards of recusal); Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . .").