

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-21-2002

# Beeghley v. Beeghley

Precedential or Non-Precedential:

Docket 99-1430

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Beeghley v. Beeghley" (2002). *2002 Decisions.* Paper 194.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/194

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 99-1430


BARBARA J. BEEGHLEY,

Appellant

v.

JOHN L. BEEGHLEY; LAURA L. BEEGHLEY


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil  No. 98-cv-05527)
District Judge: Hon. J. Curtis Joyner


Submitted Under Third Circuit LAR 34.1(a)
March 8, 2002

Before: SCIRICA and COWEN,  Circuit Judges,
RESTANI*, Judge, United States Court of International Trade

(Filed:   March 21, 2002)


_____

OPINION
_____


*Honorable Jane A. Restani, Judge, United States Court of International
Trade, sitting by
designation.

COWEN, Circuit Judge

In this post-divorce case, we are presented with a challenge to a sanctions order of the District Court precluding Plaintiff/Appellant Barabra J. Beeghley ("Plaintiff") from any further filings with the District Court. Also presented is the issue of a wife's right to retirement fund assets after the former spouse has filed for bankruptcy. Because we conclude that the District Court's order preventing Plaintiff from further filings was overbroad and undertaken without sufficient notice, we will vacate that order and remand the matter for further review. In addition, we will remand the retirement fund issue to the District Court so that the Court may more fully analyze the substantive merits of that question.

I.

The procedural history of this case is extremely long and prolix. The case originated as a divorce-related matter in Delaware Family Court in 1995. For the past seven years, the parties have engaged in an endless stream of responsive motions and (sometimes duplicative) filings. For the sake of clarity, we will recite only those facts and procedural events necessary for the proper disposition of the precise issues presented in this appeal.

Plaintiff and Defendant/Appellee John Beeghley ("Defendant") were married in 1976 and divorced in 1993. Defendant thereafter married Defendant/Appellee Laura Beeghley. On November 7, 1995, the Family Court of the State of Delaware ordered that Defendant pay $1,500 per month alimony to Plaintiff. The Court also held that Plaintiff's interest in Defendant's retirement funds (e.g., Savings Investment Plans and Tax Reform Stock Ownership Plans) would be split 60% to Plaintiff and 40% to Defendant. The Court directed the parties to prepare and submit a Qualified Domestic Relations Order ("QDRO") under the provisions of 29 U.S.C. 1056. Approximately two years later, the Family Court found Defendant in civil contempt for failing to obey the alimony order and ordered Defendant to pay Plaintiff $17,000.

On February 26, 1997, Defendant filed a petition in bankruptcy in the Eastern District of Pennsylvania. The filing of the bankruptcy stayed Defendant's legal

obligation to pay alimony arrears without further order of the court. Thereafter, the Bankruptcy Court enjoined Plaintiff from making any further filings in the case without Court permission. Plaintiff filed a number of appeals from the bankruptcy case to the United States District Court for the Eastern District of Pennsylvania. These appeals were either dismissed or consolidated with the present appeal. Among the issues raised in the appeals was the contention that she had an interest in Defendant's retirement assets that was not dischargeable in bankruptcy.

On April 27, 1999, the District Court held a hearing on the merits and addressed numerous motions of both parties, including a motion by Defendant for sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11. The day after that hearing, it entered an order enjoining Plaintiff from filing any further papers in the case without Court permission or initiating any further action in the District Court without such permission. The District Court denied Plaintiff's requested relief regarding her alleged interest in Defendant's retirement funds. This appeal followed.

## II.

We review the order of the District Court which restricted further filings in the District Court for abuse of discretion. Brow v. Farrelly, 994 F.2d 1027, 1032 (3d Cir. 1993). Plaintiff contends that the District Court's order enjoining her from further filings was improper since it was entered without adequate prior notice. The record does not reflect that Plaintiff was on notice and should prepare to defend against the all-inclusive and broad order enjoining all filings in the District Court. At most, Plaintiff was on notice to defend against Rule 11 sanctions. Plaintiff was not given sufficient notice that such a sweeping and all-inclusive sanction would be imposed by the District Court. Adequate notice must be given to protect a party's basic right to due process of law. See, e.g., Simmerman v. Corino, 27 F.3d 58, 64 (3d Cir. 1994); Brow, 994 F.2d at 1038; Gagliardi v. McWilliams, 834 F.2d 81-83 (3d Cir. 1987).

In addition, the order enjoining Plaintiff from further District Court filings was significantly overbroad given the facts of this case. We construe the language of the order to mean that Plaintiff is permanently forbidden from filing anything whatsoever on

any matter in the Eastern District of Pennsylvania without express Court permission.  In this respect, the order unquestionably went too far.  An order enjoining future court filings should be tailored to the circumstances giving rise to the sanction and, absent special circumstances, should be limited to filings arising from the same substantive matters that are before the District Court.  See Brow, 994 F.2d at 1039; Chipps, 882 F.2d at 72-73.

                                        III.

Plaintiff also appeals the confirmation of the bankruptcy plan insofar as it purports to discharge her interest in the retirement funds of her former husband.  She asserts that her interest in such a fund is nondischargeable.  See Gendreau v. Gendreau, 122 F.3d 815 (9th Cir. 1997).  The propriety of this claim was not ruled on by the District Court.  We express no opinion concerning the resolution of this matter, only that the issue be recognized and fully explicated.

                                        IV.

For the foregoing reasons, we will vacate those parts of the order entered on April 28, 1999 that: (1) sanction Plaintiff; and (2) deny her requested relief regarding only the retirement fund discharge issue.  All other portions of the order remain in effect.  The matter is remanded to the District Court to freshly address the question of sanctions and to rule on the merits of the retirement fund dischargeability question.

TO THE CLERK:

Please file the foregoing opinion.

                                        /s/ Robert E. Cowen
                                        United States Circuit Judge