**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-3964

_____

In re: JOHN L. BEEGHLEY & LAURA L. BEEGHLEY,

Debtors

BARBARA J. BEEGHLEY,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Nos. 2-98-cv-05527 & 2-15-cv-04343)
District Judge: Honorable J. Curtis Joyner

_____

Submitted Pursuant to Third Circuit LAR 34.1
August 14, 2017

Before: GREENAWAY, JR., VANASKIE and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 20, 2018)

_____

OPINION[*]

_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Barbara Beeghley, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania denying her motion to vacate an order of the United States Bankruptcy Court for the Eastern District of Pennsylvania issued on April 29, 2015, and an order denying her motion for reconsideration of that order. We will affirm the judgment of the District Court.[1]

Barbara Beeghley and John Beeghley were divorced in 1993. On November 7, 1995, the Delaware Family Court issued an interlocutory order addressing matters related to the divorce. The Family Court ruled that Mr. Beeghley's retirement funds should be divided, and that counsel was expected to timely prepare Qualified Domestic Relations Orders ("QDROs") for the Court to act upon. The order reflects that the divorce proceedings were contentious and that there was extensive litigation. Ms. Beeghley had counsel. The Court also allowed Ms. Beeghley to file memoranda after a dispute arose with her lawyer, but stated that she abused the judicial process by papering the Court with pleadings and limited her filings. There were apparently subsequent proceedings regarding the QDROs, which are required for the distribution of retirement funds to Ms. Beeghley, but these orders were never prepared.

Mr. Beeghley remarried and he and his wife filed a Chapter 13 bankruptcy petition in 1997. Ms. Beeghley filed numerous motions and documents in the bankruptcy case, including a proof of claim, objections to the confirmation of the Chapter 13 plan, motions for contempt, and motions to dismiss the case. The Bankruptcy Court allowed Ms.

---

[1]Ms. Beeghley's notice of appeal of the April 29, 2015 order was docketed in District Court at E.D. Pa. Civ. No. 15-cv-02635. Her later filings and the District Court's orders were docketed in E.D. Pa. Civ. No. 15-cv-04343.

Beeghley's claim for certain pre-petition alimony arrears and disallowed the remainder of her claim, which included a claim to Mr. Beeghley's retirement funds. The Bankruptcy Court confirmed the Chapter 13 Plan. Ms. Beeghley's numerous filings resulted in an order, entered October 9, 1998, precluding her from future filings absent Court permission. The Bankruptcy Court issued an order discharging the Beeghleys in 2001.

Shortly after the Bankruptcy Court barred Ms. Beeghley from filing documents without permission, she filed a motion for relief in District Court and other motions related to the Beeghleys' assets. The District Court docket reflects that on April 28, 1999, the District Court denied eleven motions as frivolous and barred by collateral estoppel and res judicata. The District Court also enjoined Ms. Beeghley from filing papers or initiating future actions without the Court's permission.

On appeal, we vacated the filing injunction because it was overbroad and issued without adequate notice. We also stated that Ms. Beeghley had appealed "the confirmation of the bankruptcy plan insofar as it purports to discharge her interest in the retirement funds." Beeghley v. Beeghley, 29 F. App'x 907, 909 (3d Cir. 2002) (non-precedential).[2] We stated that the District Court had not ruled on this claim and we remanded the matter to the District Court to address the sanctions anew and "to rule on the merits of the retirement fund dischargeability question." Id.

The District Court docket reflects that, on remand, the District Court held a conference in June 2002. Two and a half years later, on December 16, 2004, the parties

---

[2]We noted that Ms. Beeghley had filed appeals of the Bankruptcy Court's orders and that these appeals were either dismissed or consolidated with the appeal before us.

were notified pursuant to the Court's local rules that the action shall be dismissed for lack of docket activity, unless the court upon written application orders otherwise. There were no docket entries until 2015, when documents related to Ms. Beeghley's appeal of the Bankruptcy Court's present order were entered. See E.D. Pa. Civ. No. 98-cv-05527.

On June 30, 2005, Ms. Beeghley registered her divorce in Pennsylvania state court. In 2011, she filed documents (which apparently were not served) purporting to preserve a claim to Mr. Beeghley's retirement assets. On October 1, 2014, Ms. Beeghley filed a motion seeking damages from Mr. Beeghley for violating the Delaware Family Court's 1995 order and for failing to prepare the QDROs. Mr. Beeghley and his wife moved to reopen their bankruptcy case in order to hold Ms. Beeghley in contempt for violating the 2001 bankruptcy discharge injunction by pursuing claims that she knew had been discharged or paid. Ms. Beeghley responded that she could pursue the QDROs in state court based on, among other things, our 2002 decision and the Bankruptcy Court's instructions.

After a hearing, the Bankruptcy Court ruled that Ms. Beeghley violated the discharge order by attempting to re-litigate issues that are barred by res judicata. The Bankruptcy Court explained that it had disallowed all but a small portion of the claim that Ms. Beeghley had filed in the bankruptcy case, that the District Court had dismissed her related appeal, and that the matter we remanded to District Court renewing her claim to the retirement assets was dismissed for inactivity. The Bankruptcy Court also ruled that it would reach the same result under the doctrine of laches, as Ms. Beeghley was not diligent in filing her present motion and the Beeghleys are prejudiced

4

by the delay. The Bankruptcy Court enjoined Ms. Beeghley from prosecuting the state court action or any other action to the same end.

On appeal in District Court, Ms. Beeghley argued in a motion to vacate the Bankruptcy Court's order that the Bankruptcy Court had erred in light of this Court's remand order and the fact that the notice of dismissal of her District Court action for inactivity provided for a dismissal "without prejudice." The District Court denied the motion. The District Court stated that its local rules provide for a dismissal with prejudice for failure to prosecute, that when a case is dismissed without prejudice it is usually because the statute of limitations has not run, and that, even if the case was dismissed without prejudice, enough time had passed so that the dismissal would have the same effect as one with prejudice. The District Court noted that laches would mandate the same result. The District Court also denied Ms. Beeghley's subsequent motion, which in substance sought reconsideration. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. §§ 158(d)(1) and 1291. We exercise plenary review over the District Court's appellate review of the Bankruptcy Court's decision. In re Montgomery Ward, LLC, 634 F.3d 732, 736 n.3 (3d Cir. 2011). We review the Bankruptcy Court's factual findings for clear error, apply plenary review to its conclusions of law, and review its exercise of discretion for abuse thereof. Id; In re Ben Franklin Hotel Assoc., 186 F.3d 301, 304 (3d Cir. 1999).

Ms. Beeghley's arguments on appeal are difficult to discern. She primarily contends that the Delaware Family Court's November 7, 1995 order constitutes a QDRO, and that the Beeghleys' bankruptcy petition filed thereafter could not affect that order.

5

She also argues that the bankruptcy petition could not affect her interest in the retirement assets, which arose from the November 7, 1995 order. These arguments are not properly before us because they were not raised in Bankruptcy Court and/or in the District Court on appeal. See In re Ins. Brokerage Antitrust Litig., 579 F.3d 241, 261-62 (3d Cir. 2009); In re Kaiser Group Int'l Inc., 399 F.3d 558, 565 (3d Cir. 2005).

Ms. Beeghley also contends that the Bankruptcy Court lacked subject matter jurisdiction over the retirement funds in the bankruptcy case, but subject matter jurisdiction cannot be challenged after entry of a final judgment. In re Diet Drugs, 582 F.3d 524, 553 (3d Cir. 2009). The bankruptcy case was reopened for the limited purpose of addressing the Beeghleys' motion to enforce the discharge order. The Bankruptcy Court's orders, including its order as to Ms. Beeghley's proof of claim, are final.

Ms. Beeghley also reiterates her argument that her prior District Court action was dismissed without prejudice in 2004. Even if we were to conclude that this dismissal does not have preclusive effect, Ms. Beeghley has not shown that the Bankruptcy Court erred in ruling that she violated the discharge order by pursuing a claim that she does not dispute was disallowed, and where further litigation as to the claim is barred by laches.

As recognized by the Bankruptcy Court, the elements of laches are lack of diligence and resulting prejudice. See E.E.O.C. v. Great Atl. & Pac. Tea Co., 735 F.2d 69, 80 (3d Cir. 1984). The Delaware Family Court's order was issued over 20 years ago and QDROs were not prepared as ordered. Ms. Beeghley asserted a claim to the retirement funds in the Beeghleys' 1997 bankruptcy case and raised an issue on appeal as to its discharge. We remanded the matter to District Court in 2002 to address this issue,

but the matter was dismissed for inactivity in 2004. Instead of resolving this question, close to ten years later Ms. Beeghley filed a motion in Pennsylvania state court renewing her claim to the retirement funds by seeking damages for Mr. Beeghley's alleged failure to prepare the QDROs. Ms. Beeghley's conduct reflects a lack of diligence, which she did not adequately explain at the hearing below.

The Bankruptcy Court also found that the Beeghleys are prejudiced by the delay based on accounting issues that it concluded would be difficult, if not impossible, to resolve at this late date. The Bankruptcy Court stated, and the record reflects, that the Family Court's November 7, 1995 order provided for the division of a retirement plan that had previously been terminated and where the assets had already been distributed. We find no error in the Bankruptcy Court's finding of prejudice.

Accordingly, we will affirm the judgment of the District Court.[3]

---

[3]Ms. Beeghley's motion to dismiss the Beeghleys' brief is denied. Her motions to supplement and/or expand the record (as supplemented and amended) are granted to the extent the documents are of public record, denied as unnecessary to the extent the documents are included in the record below, and otherwise denied. Ms. Beeghley's letter motion, which may be construed as seeking leave to file an amended supplemental appendix, is denied as unnecessary.