**CLD-109**                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-3247
_____

MATTHEW N.P. JONES,
                                        Appellant

v.

BRIDGEVILLE POLICE DEPARTMENT, Sussex County, Delaware

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-17-cv-01350)
District Judge:  Honorable Richard G. Andrews
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 21, 2019

Before: CHAGARES, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed:  March 15, 2019)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Matthew Jones filed a complaint in the United States District Court for the District of Columbia, complaining primarily about a traffic ticket he received in his home town for using a cell phone while driving. He also raised, as he often does, myriad allegations of rape, murder, and kidnapping by members of that town's police department. The D.C. District Court transferred his complaint to the United States District Court for the District of Delaware. After granting Jones's application to proceed in forma pauperis ("IFP"), the District Court screened the complaint and dismissed it as frivolous.[1]

Like the District Court, we have an obligation under the IFP screening provisions to determine if "the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). We have determined that there is no merit to this appeal. See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (explaining that an appeal is frivolous where none of the legal points have arguable merit). Jones's allegation that he received a traffic ticket does not present any basis for a federal claim, and his remaining allegations are based on fantastic or delusional factual scenarios. Moreover, while generally a plaintiff should be granted leave to cure the deficiencies of a complaint subject to dismissal, we agree with the District Court's determination that such allowance would have been futile in this case. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). We thus will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1] The District Court initially denied Jones's application to proceed IFP, but Jones appealed and we directed the District Court to grant his application. See C.A. No. 17-3712 (order entered July 30, 2018).

We warn Jones that filing further meritless appeals in frivolous cases may result in the imposition of sanctions or filing injunctions.  See Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993) (noting that the All Writs Act, 28 U.S.C. § 1651(a), permits a court to issue filing injunctions "to preclude abusive, groundless and vexatious litigation").