

**FILED**
August 12, 2021
SX-2020-CV-00985
**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

THE STONE HOUSE GROUP, LLC., )
)
Plaintiff, )
)
v. )
)
VIRGIN ISLANDS GOVERNMENT HOSPITALS )
& HEALTH FACILITIES CORPORATION d/b/a )
THE JUAN F. LUIS HOSPITAL AND MEDICAL )
CENTER, )
)
Defendant. )

**CASE NO.: SX-2020-CV-00985**

ACTION FOR DAMAGES

2021 VI Super 87U

**Kevin A. Rames, Esq.**
Christiansted, V.I.
*Attorney for Plaintiff*

**Julie A. Beberman, Esq., AAG**
V.I. Department of Justice
St. Croix, V.I.
*Attorney for Defendant*

**BRADY, Douglas A., Judge**

### MEMORANDUM OPINION and ORDER

¶ 1    Before the Court is Defendant Virgin Islands Government Hospitals and Health Facilities Corporation's ("HHFC") Motion to Dismiss First Amended Complaint pursuant to Virgin Islands Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim for which relief may be granted, filed May 20, 2021, Plaintiff The Stone House Group, LLC's ("SHG") Opposition, filed July 1, 2021, and HHFC's Reply, filed July 27, 2021. For the reasons that follow, HHFC's Motion will be denied.

¶ 2    In December 2009, SHG and HHFC executed a five (5) year Consulting and Management Agreement (applied retroactively with the commencement of the term beginning March 1, 2009) which provided that SHG would provide onsite management of a newly constructed powerplant and day to day consulting services to achieve a reduction in energy consumption and costs throughout Juan F. Luis Hospital ("JFLH"). Prior to the official execution of the Agreement, SHG installed two generators at JFLH which began to operate on or around October 5, 2009. With respect to "Payments," the Agreement set forth that "the Hospital will make payment for all

*The Stone House Group v. Virgin Islands Government Hospital & Health Facilities Corporation;* SX-20-CV-985
Memorandum Opinion and Order
Page 2 of 8

2021 VI Super 87U

services (upon satisfactory actual demonstration of savings) according to the following schedule: Year 1 – $683,800 Year 2 – $862,578 Year 3 – $826,301 Year 4 – $879,810 Year 5 – $938,672." Further, the Agreement stated, "the Hospital and SHG agree to share any savings over identified savings at a rate of 80% for the Hospital and 20% for SHG." Additionally, the Agreement specified that, "at the end of the contract term," the generators, which belong to SHG, would "become the property of the Hospital" and SHG "will execute all documents and do all that is necessary to transfer title to the Hospital." Invoices for additional savings were to be "provided quarterly" and payment would be "made monthly, pursuant to itemized invoices..."

¶ 3     Starting in January 2010, SHG provided invoices to HHFC on a monthly basis. Plaintiff states that 11 payments were made in 2010 and 13 payments were made in 2011. Further Plaintiff states that, while HHFC never disputed any of the invoices, payments became increasingly tardy over time. Ultimately, Plaintiff asserts, HHFC stopped paying invoices such that only 25 invoices have been paid in full while 28 invoices currently remain outstanding, the last payment covering the March 2014 invoice. Plaintiff further asserts that the remaining outstanding balance is in excess of $2,000,000.

¶ 4     On June 6, 2014, approximately 90 days after the last payment made by HHFC, SHG filed a federal civil action in the District Court of the Virgin Islands, Division of St. Croix (*The Stone House Group, LLC v. GVI, Virgin Islands Hospital & Health Facilities Corporation, et. al.,* D.C. Civil No. 1:14-cv-00027). The District Court Compliant alleged counts for breach of contract, conversion and unjust enrichment, alleging federal jurisdiction based upon complete diversity between the parties and that the amount in controversy exceeded $75,000. On August 25, 2014, HHFC filed a Motion to Dismiss for Lack of Jurisdiction, opposed by Plaintiff, alleging that it was not a citizen for the purpose of diversity jurisdiction. On May 1, 2017, the Governing Board of HHFC filed a separate Motion to Dismiss, again opposed by Plaintiff, on the same grounds. The parties engaged in discovery in the District Court action, engaged in mediation and SHG filed a Motion for Summary Judgment.

¶ 5     On May 26, 2020, the District Court issued an Order granting SHG jurisdictional discovery. Plaintiff states that discovery cast significant doubt on the status of Defendant as a citizen for the purpose of federal diversity jurisdiction. Ultimately, on December 23, 2020, after determining that HHFC is likely not a citizen for jurisdictional purposes, Plaintiff filed this action

*The Stone House Group v. Virgin Islands Government Hospital & Health Facilities Corporation*; SX-20-CV-985
Memorandum Opinion and Order
Page 3 of 8

2021 VI Super 87U

in Superior Court, the Complaint substantively a mirror image of that filed in the District Court in 2014. Subsequently, on February 1, 2021, the parties stipulated to the dismissal of the federal action without prejudice. On May 11, 2021, on Plaintiff's motion, the Court granted Plaintiff leave to file its First Amended Complaint, the Order stating that the filing date related back to the date the original Complaint was filed. The Amended Complaint restated the original breach of contract claim as the first count, added a claim for replevin, seeking recovery of its generators, as the second count, and dropped its former claims for conversion and unjust enrichment.

¶ 6    By its Motion, HHFC asserts that both the breach of contract and replevin counts are barred by the applicable statutes of limitations, and that this Court lacks subject matter jurisdiction over the replevin claim for failure to comply with the notice provisions of the Virgin Islands Tort Claims Act ("VITCA"), 33 V.I.C. § 3401, et seq. The Motion's assertions are addressed below.

### Statute of Limitations – Equitable Tolling

¶ 7    Title 5 V.I.C. §31(3) provides a six-year statute of limitations for Plaintiff's claims in this action.[1] This action was filed in the Superior Court on December 23, 2020. The parties agree that that HHFC made its last payment under the parties' Agreement in or about March 2014 against SHG's invoice for that month. HHFC argues that the applicable limitations periods of 5 V.I.C. §31(3)(A) and (D) required that SHG file this action by March 2020, and its delay in filing until December 2020 deprives this Court of jurisdiction over SHG's claims.[2] Plaintiff responds that the statute of limitations was equitably tolled by its District Court filing and that, notwithstanding the statutory language, this action must be deemed timely.

¶ 8    Defendant asks the Court to strictly interpret the statute of limitations, arguing that the Court is without authority to extend the limitations period as such a ruling would impinge upon

---

[1] 5 V.I.C. §31: "Civil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute:
"... (3) Six years —
"(A) An action upon a contract or liability, express or implied, excepting those mentioned in paragraph (1)(C) of this section.
"(B) An action upon a liability created by statute, other than a penalty or forfeiture.
"(C) An action for waste or trespass upon real property.
"(D) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof."

[2] SHG claims that it seeks replevin pursuant to statute (5 V.I.C. § 211, et seq., wrongly referenced as 5 V.I.C. § 11), such that the six-year limitation period may also be seen to apply pursuant to 5 V.I.C. § 31(3)(B).

*The Stone House Group v. Virgin Islands Government Hospital & Health Facilities Corporation;* SX-20-CV-985
Memorandum Opinion and Order
Page 4 of 8

2021 VI Super 87U

the authority of the legislature. However, the District Court Appellate Division has noted that "the principle of equity is not to be constrained by anything other than a clear and direct statutory command that courts shall not apply it in a particular instance." *Williams v. Tutu Park Ltd.,* 51 V.I. 701, 710 (D.V.I. App. 2009). Plaintiff claims that without such a "clear and direct statutory command" in Title 5 V.I.C. §31, this Court is not prohibited from exercising its equitable authority to deem the action to have been timely filed.

¶ 9    The Supreme Court has recently explained that "Equitable tolling is a common law doctrine that seeks to avoid the unfairness to plaintiffs that would occur if plaintiffs who diligently but mistakenly prosecute their claims in a court that lacks personal jurisdiction find their claims time-barred when they refile in a proper jurisdiction." *Raymond-Benjamin v. Assefa,* 72 V.I. 815, 821 (V.I. 2020) (internal quotation and citations omitted).

¶ 10    "In the Virgin Islands, a statute of limitations may be equitably tolled in any case in which a first action was dismissed for any reason other than on the merits, as long as three factors are met: (1) the first action gave defendant timely notice of plaintiff's claim; (2) the lapse of time between the first and second actions will not prejudice the defendant; and (3) the plaintiffs acted reasonably and in good faith in prosecuting the first action, and exercised diligence in filing the second action." *Id.* at 822 (internal quotations and citation omitted). That is, if a litigant files its case in the wrong court and diligently prosecutes that case, but sees it dismissed for any reason not related to the merits, the case can proceed in the correct court notwithstanding the passing of the statute of limitations, so long as the litigant has acted diligently in filing in the proper court. See *Jensen v. Virgin Islands Water & Power Auth.,* 52 V.I. 435, 443 (V.I. 2009).

¶ 11    The Superior Court addressed a similar set of circumstances, finding that the plaintiff had satisfied the three equitable tolling prerequisites:

> The Plaintiff's First Lawsuit was voluntarily dismissed due to a lack of subject matter jurisdiction. However, the First Lawsuit gave the Defendants timely notice of the Plaintiff's claim, as the First Lawsuit was filed on May 9, 2016, prior to the end of the two-year statute of limitations. In addition, the Plaintiff filed the present action on August 10, 2016, and the First Lawsuit was dismissed on October 17, 2016. Therefore, the Defendants were not prejudiced due to a lapse of time between the first and second action because the second action was filed prior to the dismissal of the First Lawsuit.

*Williams v. Juan F. Luis Hospital,* 2019 VI SUPER 54U ¶18 (V.I. Super. 2019).

*The Stone House Group v. Virgin Islands Government Hospital & Health Facilities Corporation*; SX-20-CV-985
Memorandum Opinion and Order
Page 5 of 8

2021 VI Super 87U

¶ 12    In this case the first action was terminated by a Stipulation for Dismissal without prejudice signed by all parties. The dismissal was not on the merits. Therefore, the statute of limitations may be equitably tolled as long as the three factors listed above are met. The first action filed in 2014 was timely and gave Defendant notice of Plaintiff's breach of contract, conversion and unjust enrichment claims. Additionally, Plaintiff asserts that not only was Defendant on notice of the claims, but by signing on to a Stipulation for Dismissal without prejudice, Defendant was aware that the same claims could be brought in a different venue. Despite the span of several years between the filing of the first and second actions, the first action remained pending at the time the second action was filed, such that there was no lapse in time between the actions that might prejudice HHFC. Plaintiff asserts that the District Court action was aggressively prosecuted and defended by both parties during its pendency and that it acted diligently in filing this action as soon as it became apparent that federal jurisdiction could not be sustained. The Court concurs with those assertions and determines that the statute of limitations was equitably tolled for those claims presented in SHG's original action, and SHG's breach of contract claim, the only present claim originally presented in its first action, is deemed to have been timely filed and is properly before this Court.

¶ 13    SHG's replevin claim was not directly presented in the District Court or in the original Complaint filed here. The District Court action did set forth the facts and circumstances concerning the contractual relationship between the parties and HHFC's alleged breach. Yet, the specific relief sought by SHG was limited to monetary damages. Although the prayer for relief in SHG's original action and in the Complaint originally filed here sought money alone, the Complaint reveals that SHG had demanded pre-litigation that HHCF return to SHG property of SHG; that it was "lawfully entitled to the possession" of its two generators "wrongfully detained" by HHFC.[3]

¶ 14    By its District Court Complaint, and by identical allegations in its Complaint filed herein, SHG stated that:

> ¶ 47. After JFL had made it clear that it was unwilling to pay the balances owed or negotiate any alternative arrangements, SHG was left with no choice but to demand the return of its electrical equipment in light of the JFL's material breaches of the Agreement.

---

[3] *See* 5 V.I.C. § 212 (1) and (2).

*The Stone House Group v. Virgin Islands Government Hospital & Health Facilities Corporation*; SX-20-CV-985
Memorandum Opinion and Order
Page 6 of 8

2021 VI Super 87U

¶ 48. Accordingly, on May 12, 2014, SHG issued a final letter to JFL requesting payment and the immediate return of SHG's electrical equipment....

¶ 50. JFL has refused to pay or attempt to pay any portion of its contractual obligation and has also refused to respond to and/or engage in any conversation with respect to a workable resolution. At the same time, JFL continues to reap the benefits by using SHG's electrical equipment, which JFL has wrongfully retained.[4]

¶ 15    The Agreement provided that SHG would "install and maintain the two 550 KWH generators for the contract term. At the end of the contract term, the generators become property of the Hospital and SHG will execute all documents and do all that is necessary to transfer title of the generators to the Hospital."[5] SHG alleges that HHFC breached the Agreement prior to the conclusion of the contract term depriving HHFC of the contractual benefit of the transfer of title to the generators to HHFC.

¶ 16    From at least SHG's May 12, 2014 letter demand, prior to the District Court filing, HHFC was on notice that SHG claimed that HHFC had wrongfully retained the generators and SHG demanded their return. While the original Complaint here and in the District Court sought only a monetary remedy, the factual allegations supporting damages and the remedy of replevin are identical. Both remedies "arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."[6] As such, the replevin claim first specifically presented by the Amended Complaint related back to the originally filed Complaint filed herein. The District Court action gave HHFC timely notice of SHG's claim to return of the generators. HHFC was not prejudiced by any lapse of time between the two actions. SHG reasonably prosecuted the first action and acted diligently to promptly file this second action when lack of federal jurisdiction became apparent.

¶ 17    As with the breach of contract count of the Amended Complaint, SHG's claim seeking the remedy of replevin in the return of its generators satisfies the factors enunciated by the Supreme Court for the equitable tolling of the statute of limitations to permit both counts of SHG's Amended Complaint to proceed in this action. Accordingly, HHFC's Motion will be denied in that regard.

---

[4] Complaint (D.C. Civil No. 1:14-cv-00027) June 12, 2014, ¶¶ 47-48, 50; Complaint, December 23, 2020, ¶¶ 47-48, 50.

[5] Complaint, Exh. A, Agreement § (e).

[6] V.I. R. Civ. P. 15(c)(1)(B).

*The Stone House Group v. Virgin Islands Government Hospital & Health Facilities Corporation*; SX-20-CV-985
Memorandum Opinion and Order
Page 7 of 8

2021 VI Super 87U

### Virgin Islands Tort Claims Act

¶ 18    The Virgin Islands Tort Claims Act provides, in pertinent part:

> No judgment shall be granted in favor of any claimant unless such claimant shall have complied with the provisions of this section applicable to his claim: ...

> (c) a claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the United States Virgin Islands while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim.

33 V.I.C. § 3409(c).

¶ 19    HHFC argues that although SHG's replevin claim seeks restitution of property pursuant to the parties' Agreement and Title 5 V.I.C. Chapter 23, the claim should be properly seen as a common law tort action, and therefore subject to the VITCA. SHG has not claimed to have complied with the VITCA notice requirements. HHFC urges, therefore, that SHG's Amended Complaint replevin claim must be dismissed for lack of subject matter jurisdiction as the Virgin Islands Government's waiver of sovereign immunity[7] is specifically limited by the VITCA.

¶ 20    Yet, the VITCA language specifically limits its application to actions "to recover damages for injuries to property or personal injury." SHG's replevin claim does not seek "to recover damages," but rather "the return of its electrical equipment in accordance with the terms of the Contract."[8] Because Count II of SHG's Amended Complaint seeks recovery of property and not damages to property or person, that claim falls outside the scope of the VITCA and may proceed without regard to compliance with the Act's notice requirement.

¶ 21    Further, SHG asserts that it presents its replevin claim seeking not a common law tort remedy, but rather a statutory remedy specifically codified by the legislature, as follows:

> In an action to recover possession of personal property the plaintiff, at any time after the action is commenced, and before judgment, may claim the immediate delivery of such property, as provided in this chapter.

5 V.I.C. § 211 (incorrectly cited by SHG as § 11).

---

[7] "[N]o tort action shall be brought against the government of the Virgin Islands... without the consent of the legislature..." Revised Organic Act of 1954, § 2(b); 48 U.S.C. 1541(b).

[8] Amended Complaint, ¶ 68 and Request for Relief b.

*The Stone House Group v. Virgin Islands Government Hospital & Health Facilities Corporation*; SX-20-CV-985
Memorandum Opinion and Order
Page 8 of 8

2021 VI Super 87U

¶ 22    SHG's replevin claim also arises out of its Agreement with HHFC. Tort actions against an instrumentality of the Government have been consented to by the legislature only where a claimant complies with the VITCA. Not so with claims against the Government arising from its contracts.

> The government of the Virgin Islands... shall have the right to sue by such name and in cases arising out of contract, to be sued...

Revised Organic Act of 1954, § 2(b); 48 U.S.C. 1541(b).

¶ 23    By the ROA, the de facto constitution for the Virgin Islands,[9] the Government has waived immunity as to cases, as SHG's, arising out of contract. Further, by enacting Title 5 Chapter 23 of the V.I. Code, without prohibition against claims against the Government in the ROA or the statute itself, the legislature has consented to have claims against the Government for the return of a claimant's property adjudicated in the courts of the Virgin Islands. Accordingly, SHG may proceed in prosecuting its replevin claim in this action without regard to its compliance with the notice provisions of the VITCA.

For the reason set forth herein, it is hereby

ORDERED that Defendant Virgin Islands Government Hospitals and Health Facilities Corporation's Motion to Dismiss is DENIED, and Defendant shall file its Answer to Plaintiff's First Amended Complaint within 30 days of this date.

DATED: August / 2 , 2021.

DOUGLAS A. BRADY, JUDGE

ATTEST:

TAMARA CHARLES
Clerk of the Court

By: _____
Court Clerk Supervisor
8/13/2021

---

[9] "[T]he Revised Organic Act serves as the *de facto* constitution for the Virgin Islands." *Bryan v. Fawkes*, 61 V.I. 201, 232 (V.I. 2014) (citing *Todmann v. People*, 57 V.I. 540, 546 (V.I. 2012) (quoting *Brow v. Farrelly*, 994 F.2d 1027, 1032, 28 V.I. 345 (3d Cir. 1993)).