**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1127
_____

WILLIAM F. KAETZ
                              Appellant

v.

JONATHAN MARK, Judicial Officer of Common Pleas
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-09-cv-02721)
District Judge:  Honorable Dennis M. Cavanaugh
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2011
Before:  AMBRO, HARDIMAN and STAPLETON, Circuit Judges

(Opinion filed May 25, 2011 )

_____

OPINION
_____

PER CURIAM

        William F. Kaetz appeals from the orders of the United States District Court for

the District of New Jersey dismissing his complaint and denying his motion for

reconsideration.  We will affirm.

        Kaetz filed a civil rights action pursuant to 42 U.S.C. § 1983, naming the

Honorable Jonathan Mark of the Court of Common Pleas of Monroe County, Pennsylvania, as the defendant. In his brief filed in support of his complaint, Kaetz stated that the action stemmed from divorce and related proceedings to which he was a party and over which Judge Mark presided. The issues litigated in the divorce case involved the property settlement agreement, child support, and a protection from abuse ("PFA") petition. Kaetz alleged that Judge Mark deprived him of his due process rights and maliciously abused his judicial discretion by scheduling a child support and PFA violation hearing to be held concurrently with a previously scheduled property settlement hearing, without giving sufficient notice. Kaetz also asserted that Judge Mark compelled him to proceed with ineffective counsel, deprived him of the right of self-representation, and made findings against him in retaliation for exercising his rights. Moreover, Kaetz asserted that Judge Mark's rulings on the child support and PFA matters were based on fraudulent evidence, and that Judge Mark falsely imprisoned him for ninety days as a result. Kaetz sought compensatory and punitive damages.

Judge Mark filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Kaetz filed a response in opposition to the motion. By opinion and order entered on October 21, 2009, the District Court granted the motion and dismissed the complaint on the basis of Judge Mark's entitlement to judicial immunity. Kaetz filed a timely motion for reconsideration, which the District Court denied by opinion and order entered on February 9, 2010. Kaetz appeals from both orders.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise de novo review over the District Court's grant of the defendant's Rule 12(b)(6) motion to dismiss. See Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). We accept as true all of the factual allegations in the complaint and construe the complaint in the light most favorable to the plaintiff. See id. At 233. We review the District Court's denial of the motion for reconsideration for an abuse of discretion. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

Upon review of the record, we will affirm for substantially the same reasons set forth by the District Court. The doctrine of absolute judicial immunity bars Kaetz's claims against Judge Mark. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citation omitted). Indeed, the doctrine of judicial immunity applies even to allegations of malice or corruption; section 1983 did not abolish the well-settled principle of judicial immunity. See Pierson v. Ray, 386 U.S. 547, 554 (1967), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). As the District Court found, none of Judge Mark's actions at issue in the complaint was taken outside of his judicial capacity in the divorce and related proceedings, which are within the subject matter jurisdiction of the Court of Common Pleas. Notwithstanding Kaetz's arguments to the contrary, Judge Marks's rulings and other actions in the proceedings are not extra-judicial in nature.

3

In addition, we discern no abuse of discretion in the District Court's denial of Kaetz's motion for reconsideration. Kaetz did not demonstrate any basis for granting the motion, such as intervening change in controlling law, new evidence, or the need to correct clear error of law or fact or prevent manifest injustice. See Lazaridis, 591 F.3d at 669.

For the foregoing reasons, we will affirm the orders of the District Court.