**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2322
_____

WILLIAM F. KAETZ,
                                        Appellant
v.

UNITED STATES OF AMERICA; JUAN R. SÁNCHEZ,
United States District Judge, in his official and personal capacities
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-23-cv-03377)
District Judge:  Honorable Renée Marie Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2024

Before:  JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: October 4, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

William F. Kaetz appeals from orders resolving two of his District Court cases. In C.A. No. 23-2114, we grant the appellees' motion for summary affirmance and will affirm. We will affirm in C.A. No. 23-2322 as well.[1]

I.

Kaetz is an experienced pro se litigant who has been familiar with the doctrine of judicial immunity at least since 2011 when we affirmed the dismissal of his complaint against a state-court judge on that ground. See Kaetz v. Mark, 429 F. App'x 112, 113 (3d Cir. 2011). We have affirmed the dismissal on that ground of at least two of Kaetz's suits against federal judges too. See Kaetz v. Wolfson, Nos. 22-1456 & 22-1476, 2022 WL 4115505, at *2 (3d Cir. Sept. 9, 2022), cert. denied, 143 S. Ct. 1012 (2023).

Nevertheless, Kaetz has continued to file suit against federal judges complaining of rulings adverse to him, including their dismissals of his suits against other federal judges. To curb that vexatious practice, the Honorable Renée Marie Bumb entered an order on April 12, 2023, in three of Kaetz's cases in which he named federal judges as defendants. (D.N.J. Civ. Nos. 2-22-cv-01003, 3-23-cv-02008, and 3-23-cv-02021.) The order terminated the second of these cases and dismissed the judges as defendants from

_____

[1] We address the substance of both appeals in this opinion issued in C.A. No. 23-2322. For administrative reasons, we are issuing a separate opinion and judgment in C.A. No. 23-2114 affirming in that appeal for the reasons discussed herein.

2

the third.  The order also directed the court's Clerk not to file any complaint from Kaetz that names as a defendant a judge of the District of New Jersey and to instead mark any such complaint "received" and submit it to Judge Bumb for review of immunity.

True to form, Kaetz responded to the April 12 order by filing a new suit against Judge Bumb and the United States.  (D.N.J. Civ. No. 1-23-cv-02741.)  Kaetz alleged that Judge Bumb's issuance of the order violated his First Amendment rights, and he sought both monetary damages and injunctive relief requiring Judge Bumb's termination from government employment.  Our Chief Judge designated the Honorable Juan R. Sánchez to hear the matter.  Judge Sánchez granted Kaetz's motion to proceed in forma pauperis, screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed it with prejudice.  Judge Sánchez concluded that Kaetz's claims against Judge Bumb are barred by judicial immunity and that Kaetz did not state a claim against the United States.

Kaetz responded to this ruling by filing both the appeal at C.A. No. 23-2114 and still another suit, this time against Judge Sánchez and the United States.  (D.N.J. Civ. No. 1-23-cv-03377.)  That suit was assigned to Judge Bumb, who dismissed it by order entered July 10, 2023.  In that order, Judge Bumb also directed Kaetz to show cause why she should not issue another filing injunction.  After Kaetz responded, Judge Bumb entered a filing injunction/preclusion order on July 18, 2023.  Kaetz appeals those rulings at C.A. No. 23-2322.  We have jurisdiction in both appeals under 28 U.S.C. § 1291.

II.

3

We first address C.A. No. 23-2114, which is Kaetz's appeal from Judge Sánchez's dismissal of Kaetz's suit against Judge Bumb and the United States at D.N.J. Civ. No. 1-23-cv-02741. Our review is plenary, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Gallas v. Sup. Ct. of Pa., 211 F.3d 760, 768 (3d Cir. 2000), and we may summarily affirm when an appeal presents no substantial question, see 3d Cir. L.A.R. 27.4(a) (2011). Defendants argue that this appeal presents no substantial question because Kaetz's claims clearly are barred by judicial immunity. We agree.

Judicial immunity applies to all actions taken in a judge's judicial capacity unless the judge acted in the complete absence of jurisdiction. See Gallas, 211 F.3d at 768. A judge's action is taken in her judicial capacity when (1) the action "is a function normally performed by a judge," and (2) the parties "dealt with the judge in h[er] judicial capacity." Id. at 768-69. In this case, Kaetz's claims against Judge Bumb are based solely on her issuance of the April 12 order, and Judge Bumb is immune from those claims because she had jurisdiction to enter the order and did so in her judicial capacity. Kaetz asserts that Judge Bumb acted in a "legislative" capacity instead, but he does not raise any colorable argument in that regard and instead merely repeats previously rejected assertions that judges have improperly usurped legislative authority.[2] In any event, entry

---

[2] Kaetz's disaffection with the federal judiciary appears to date back to cases related to his bankruptcy and criminal proceedings in which he similarly accused judges of exercising legislative authority. We have rejected those arguments. See, e.g., Kaetz v. United States, No. 22-1286, 2022 WL 1486775 (3d Cir. May 11, 2022) (rejecting Kaetz's arguments addressed to his sentence for publicly disclosing a judge's

4

of the April 12 order was a paradigmatic judicial function.  That is so as to both the part

of the order dismissing Kaetz's claims and the part imposing a filing injunction.[3]

Finally, Judge Sánchez dismissed Kaetz's claims against the United States.  It

appears that Kaetz named the United States to assert a claim under the Federal Tort

Claims Act based on Judge Bumb's conduct.  But judicial immunity applies equally to

claims under the FTCA, see Lomando v. United States, 667 F.3d 363, 375 (3d Cir. 2011)

(citing 28 U.S.C. § 2674), so any such claim is barred by judicial immunity as well.[4]

---

home address); Kaetz v. Educ. Credit Mgmt. Corp., No. 20-2592, 2022 WL 996422 (3d Cir. Apr. 4, 2022) (rejecting Kaetz's arguments that his student loans were discharged in bankruptcy despite 11 U.S.C. § 523(a)(8)), cert. denied, 143 S. Ct. 277 (2022).  Kaetz's continuing disagreement with these rulings does not mean that they constitute an improper exercise of legislative authority.

[3] See Huminski v. Corsones, 396 F.3d 53, 76 (2d Cir. 2005) (explaining that "[a] court's control of its docket is also a judicial act"); In re Chapman, 328 F.3d 903, 904 (7th Cir. 2003) (per curiam) (holding for a different purpose that the "imposition of filing restrictions . . . is a judicial action rather than an administrative action"); Mann v. Conlin, 22 F.3d 100, 101-02, 104 (6th Cir. 1994) (holding that "there is no escaping the conclusion" that a judge's orders placing conditions on a litigant's ability to proceed in court was a judicial act); cf. Figueroa v. Blackburn, 208 F.3d 435, 443 (3d Cir. 2000) (explaining that a judge acts in a judicial capacity when holding a party in contempt).

[4] By the FTCA, the United States has waived its sovereign immunity only as to claims brought under state law, not federal law.  See FDIC v. Meyer, 510 U.S. 471, 478 (1994).  It appears that Kaetz has asserted only federal law claims as to which the United States could not be liable under the FTCA.  See id.  But to the extent his complaint can be read to assert FTCA claims based on New Jersey law, such claims are barred by judicial immunity too.  See Cashen v. Spann, 334 A.2d 8, 10-12 (N.J. 1975); K.D. v. Bozarth, 713 A.2d 546, 549 (N.J. Super. Ct. App. Div. 1998); cf. Kaetz v. Mizdol, Appeal From N.J. Super. Ct. Law Div. No. L-3709-10, 2011 WL 6341081, at *1-3 (N.J. Super. Ct. App. Div. Dec. 20, 2011) (per curiam) (holding that New Jersey state judges were immune from Kaetz's federal claims).  And given Judge Bumb's immunity, we need not

III.

We now address C.A. No. 23-2322, which is Kaetz's appeal from Judge Bumb's dismissal of his suit against Judge Sánchez and the United States at D.N.J. Civ. No. 1-23-cv-03377. Kaetz appeals both the order of dismissal entered July 10, 2023, and the preclusion order entered July 18, 2023. We will affirm the dismissal without further discussion for the same reasons we are affirming the dismissal in C.A. No. 23-2114.

We also will affirm the preclusion order, which Kaetz has not meaningfully challenged and which we review only for abuse of discretion. See Brow v. Farrelly, 994 F.2d 1027, 1032 (3d Cir. 1993). District courts can impose filing injunctions against a litigant to curb "the litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Id. at 1038. Before doing so, courts must provide the litigant with notice and a chance to respond and then must "narrowly tailor[]" the injunction "to fit the particular circumstances of the case before the District Court." Id.

The District Court acknowledged these requirements and complied with them here. The court's opinion supporting dismissal aptly described Kaetz's history of filing frivolous suits against federal judges. And the dismissal order appropriately gave Kaetz a chance to show cause why a filing injunction should not issue. The court also did not

---

address whether Kaetz even has a damages remedy against her individually. See Egbert v. Boule, 596 U.S. 482, 490-93 (2022) (addressing Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971)). Nor do we address whether judicial immunity extends to Kaetz's requests for injunctive relief, which he has not asserted on appeal and which are frivolous in any event.

6

abuse its discretion in tailoring the injunction as it did. It is true that the court discussed only Kaetz's history of suing federal judges in entering an injunction that applies by its terms to all future complaints.[5] But we have recognized that "a district court has authority to require court permission for <u>all</u> subsequent filings once a pattern of vexatious litigation transcends a particular dispute[.]" <u>Chipps v. U.S. Dist. Ct. for the Middle Dist. of Pa.</u>, 882 F.2d 72, 73 (3d Cir. 1989).

Kaetz's litigation history fits that description. When the court entered its filing injunction, Kaetz had filed at least 16 suits in that court. In addition to his suits against federal judges, these suits have raised matters as diverse as Kaetz's divorce (D.N.J. Civ. Nos. 2-11-cv-02663 & 2-09-cv-02721), his daughter's detention (D.N.J. Civ. No. 2-18-cv-14782), his student loans and bankruptcy proceeding (D.N.J. Civ. Nos. 2-16-cv-09225, 2-22-cv-03469 & 2-23-cv-02021), his own criminal matters and detention (D.N.J. Civ. Nos. 2-22-cv-01003 & 2-23-cv-02772), and matters concerning the operation of state and federal governments (D.N.J. Civ. No. 2-19-cv-08100). The defendants in these

---

[5] The preclusion order provides, in pertinent part, that:

> prior to filing a new suit by Plaintiff, the Clerk of Court shall assign any subsequently filed complaint by Plaintiff to the undersigned Judge who will serve as a screener to determine if the claims asserted therein are, in fact, frivolous or otherwise related to or duplicative of Plaintiff's pending or already adjudicated claims in this District; if not, the Court will instruct the Clerk of Court to randomly assign any such suit to a Judge in this District according to the Court's established case assignment procedures[.]

(ECF No. 7 at 2.)

suits have included Justice Clarence Thomas, numerous other federal judges, state judges, other court personnel, Kaetz's former wife, various detention facilities, various federal agencies (including the FBI, the DOJ and the BOP), probation and police officers, a medical provider, credit reporting bureaus, a loan collection agency, lawyers and law firms, municipalities, and state and federal officials including New Jersey Governor Phil Murphy, Hillary Clinton, and President Obama.

These suits have been uniformly unsuccessful, and many have been frivolous and repetitive. For example, when the court issued its injunction, Kaetz had filed at least three suits challenging the collection of his student loans, the third of which (D.N.J. Civ. No. 3-23-cv-02021) also named as defendants federal judges who ruled against him in his prior suits. Judge Bumb clearly was aware of this litigation because she referenced these cases in her order to show cause and entered her initial April 12 preclusion order in the third of them. She also referenced other cases that Kaetz claimed were related, including his suit against judges, federal agencies, detention facilities, and other defendants at D.N.J. Civ. No. 2-22-cv-01003. Thus, while the initial April 12 order was limited to suits against judges, and while Judge Bumb did not expressly discuss Kaetz's broader litigation history in issuing the broader filing injunction at issue here, it is readily apparent why she concluded that a broader injunction was necessary to curb Kaetz's continuing vexatious litigation. Indeed, that conclusion proved prescient.[6] And Kaetz

_____

[6] After Judge Bumb entered the filing injunction, Kaetz filed two more suits against

8

himself has not argued that the injunction is overbroad or raised any other meaningful challenge to its issuance. Nor did he do so in the District Court. Thus, we cannot say that the court abused its discretion in issuing an injunction or tailoring the injunction as it did.[7] We have considered all of Kaetz's other arguments and conclude that they do not warrant discussion.

IV.

For these reasons, we will grant appellees' motion for summary affirmance and affirm in C.A. No. 23-2114 by separate opinion and judgment entered in that appeal. We also will affirm both the District Court's order of dismissal and its filing injunction in C.A. No. 23-2322. We grant Kaetz's motions in C.A. No. 23-2322 for leave to file a corrected brief and an overlength brief (Docket No. 11), to proceed on the original record (Docket No. 19), and to withdraw his first motion for judicial notice (Docket No. 38). Kaetz's corrected motion for judicial notice (Docket No. 39) is granted to the extent that

---

federal judges. (D.N.J. Civ. Nos. 1-23-cv-21026 & 1-23-cv-21368.) In the second of those suits, he also named as defendants various parties that he previously named as defendants in at least three prior suits regarding his student loans.

[7] We note that the United States Supreme Court too recently entered a filing injunction against Kaetz because he "repeatedly abused th[at] Court's process." Kaetz v. United States, 144 S. Ct. 2649 (2024). We have not initiated proceedings to consider entering a filing injunction of our own. Kaetz is cautioned, however, that continued frivolous and repetitive filings in this Court could result in sanctions. Such sanctions might include an order restricting his ability to file appeals or other proceedings in forma pauperis and a monetary fine coupled with an order restricting his ability to file further proceedings in this Court until the fine is paid.

9

we have considered the arguments raised therein in resolving this appeal. All other

motions and requests for relief are denied.